6/6/2024 5:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88534857
By: taujhnae travis
Filed: 6/6/2024 5:18 PM

CAUSE NO. 2024-33882

| | | |
|---|---|---|
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| JUAN PABLO DIAZ CUENCA | § § | |
| and | § § | |
| MENESES LAW, PLLC | § § | |
| Defendants. | § | 269TH JUDICIAL DISTRICT |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY
<u>AND PRESERVATION OF EVIDENCE</u>**

Plaintiff Alexandra Lozano Immigration Law, PLLC (the "Firm" or "ALIL") files this Motion for Expedited Discovery for Temporary Injunction Hearing, and Preservation of Evidence, and in support thereof respectfully states the following:

1. On May 29, 2024, Plaintiff ALIL filed its Original Verified Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Expedited Discovery ("Verified Petition") against Defendants Juan Pablo Diaz Cuenca ("Diaz") and Meneses Law, PLLC ("Meneses Law") (collectively, "Defendants").

2. Following a hearing on May 31, 2024, the Court granted ALIL's request and issued a Temporary Restraining Order on behalf of Plaintiff ALIL. The Court also set a Temporary Injunction Hearing for June 14, 2024. *See* **Exhibit A.**

3. As stated in ALIL's Verified Petition TRO, this action arises out of misconduct by Defendants, Meneses Law and Diaz. Specifically, ALIL brings claims for breach of contract, federal misappropriation of trade secrets (18 U.S.C. §1836), state misappropriation of trade secrets

**Exhibit
A-5**

(Tex. Civ. Prac. R. Code §134A, et. seq.), tortious interference with contract, unfair competition, misappropriation/conversion of Confidential Information, and false designation of origin (15 U.S.C. §1125(a)(1)(A)).

4. Within its Verified Petition, ALIL requested leave of Court to obtain necessary discovery from Defendants on an expedited schedule and submitted a proposed order providing the expedited discovery schedule proposed herein on May 31, 2024. *See* **Exhibit B.** As the auxiliary Court did not issue a ruling on the expedited discovery request, Plaintiff files this independent Motion requesting the same expedited discovery schedule.

5. Discovery is needed before the temporary injunction hearing to enable the presiding Court to tailor an appropriate temporary injunction order that will reasonably maintain the status quo pending a full trial in this case. Accordingly, ALIL requests the Court order the automatic stay provisions under Texas Rule of Civil Procedure 199.4 inapplicable and issue the following expedited discovery schedule:

   a. The Plaintiff may depose Defendant Diaz for no longer than three (3) hours;

   b. The Plaintiff may depose a corporate representative of Defendant Meneses Law, PLLC for no longer than three (3) hours;

   c. Notice for such depositions will be provided by Defendant in writing with two (2) days' advance notice;

   d. The Plaintiff may serve on Defendant Diaz requests for documents (5 requests or fewer) with responses (and any objections) due within seven (7) days of service;

   e. The Plaintiff may serve on Defendant Meneses Law, PLLC requests for documents (5 requests or fewer) with responses (and any objections) due within seven (7) days of service; and,

   f. Discovery conducted hereunder will not waive rights to future additional discovery in this matter.

6. ALIL anticipates that conducting this expedited discovery will consume less of the

Court's time at the temporary injunction hearing and lessen the burden on the witnesses.

7.   ALIL further requests that this Court order Defendants to preserve for future examination and production in this lawsuit (a) the hard drives of any computer, computer diskettes, thumb drives, USB drives, and electronic storage devices (and all usernames and passwords asserted therewith), as well as personal and company email accounts, emails, voicemails, text messages, instant messaging conversations, personal messages or electronic media or devices, within their possession, custody, or control, and (b) any documents, information and data (including email, text messages and instant messaging conversations whether personal or company) within their possession, custody, or control, relating to any of the factual allegations or subject matter of Plaintiff ALIL's Verified Petition.  The preservation of such evidence is essential to this case and necessary to ensure the integrity of evidence relating to the transactions at issue in this case.

THEREFORE, ALIL respectfully requests that the Court grant this Motion for Expedited Discovery and Preservation of Documents, ordering Defendants to respond in an expedited matter to written discovery requests, to appear for depositions, and to preserve responsive documents as stated herein. Plaintiff requests any other relief it has shown itself entitled.

Date: June 6, 2024

Respectfully submitted,

 /s/ *Lauren Hope Whiting*
Lauren Hope Whiting
Texas Bar No.  24084091
JACKSON LEWIS P.C.
93 Red River St., Ste.  1150
Austin, Texas 78701
512.362.7408 [Telephone]
512.362.5574 [Facsimile]
Lauren.Whiting@jacksonlewis.com

Charles T. Jeremiah
Texas Bar No. 00784338
Jackson Lewis P.C.
717 Texas Avenue, Suite 1700
Houston, TX 77002
713.650.0404 [Telephone]
713.650.0405 [Facsimile]
Charles.Jeremiah@jacksonlewis.com

Kirsten R.  Fraser
(*Pro Hac Vice Application Forthcoming*)
Organ Law LLP
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900 [Telephone]
614.481.0904 [Facsimile]
kfraser@organlegal.com

*Attorneys for Plaintiff Alexandra Lozano Immigration Law, PLLC*

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of *Plaintiff's Motion for Expedited Discovery* was served on June 6, 2024 to the following entities:

*Via e-file and e-mail:*
Michael Killingsworth, MKillingsworth@azalaw.com
Jason S. McManis, JMcManis@azalaw.com
Joseph Y. Ahmad, JoeAhmad@azalaw.com
AHMAD, ZAVITSANOS, & MENSING, PLLC
1221 McKinney, Ste. 2500
Houston, Texas 77010

*Via US Mail and e-email:*
Juan Pablo Diaz Cuenca
8311 Brecha Lane
Houston, Texas 77055
juanpablo.diazcuenca@gmail.com
nbolanos@fishlawfirm.com

                                      */s/ Lauren Hope Whiting*
                                      Lauren Hope Whiting

4895-9546-9509, v. 1

# EXHIBIT A

5/29/2024 3:58:55 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 88228026
By: JACKSON, MONICA J
Filed: 5/29/2024 3:58:55 PM

2024-33882 / Court: 269

Pgs-5
TRORX
STBNX
CASO

| | | |
|---|---|---|
| CAUSE NO. _____ | | |
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | |
| JUAN PABLO DIAZ CUENCA | § § § | HARRIS COUNTY, TEXAS |
| and | § § | |
| MENESES LAW, PLLC | § § § | |
| Defendants. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER

The Court has considered the Verified Original Petition, Application of Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed by Plaintiff Alexandra Lozano Immigration Law, PLLC ("ALIL") against Defendants Juan Pablo Diaz Cuenca ("Diaz") and Meneses Law, PLLC ("Meneses Law") (collectively "Defendants"). After hearing arguments of counsel and reviewing the pleadings and admitting the evidence attached to the application, the Court finds if it does not issue the temporary restraining order, Plaintiff will be irreparably injured due to Defendants' alleged actions, including the misappropriation of Plaintiff's trade secrets and Confidential Information.

This Court finds that a Temporary Restraining Order against Defendants is necessary because it clearly appears from Plaintiff's Verified Petition and supporting evidence, including declaration testimony that immediate and irreparable harm, injury, loss, or damage will result to Plaintiff.

The Court finds that Plaintiff attempted to notify Defendants of its intent to seek injunctive relief and to resolve the dispute prior to seeking court intervention, but has not received a sufficient response. As a result, it is clear that Plaintiff has Confidential Information (including, *inter alia,*

EXHIBIT A

information regarding ALIL's business plans, trade secrets, finances, records, personnel, designs, marketing, customers and customer lists, customer requirements, sales, products, systems, processes, trade secrets, methods, know-how, sales methodologies, training methodologies, sales channels, product development plans, and/or pricing) and that such Confidential Information and trade secrets give Plaintiff a competitive advantage in the marketplace.

Defendants are in positions to misappropriate or may have already misappropriated the Confidential Information and/or trade secrets by virtue of defendant Diaz's employment at competitor Meneses and given his current role and responsibilities, and therefore Plaintiff's Confidential Information and trade secrets are imminently threatened.

The Court finds that without this Temporary Restraining Order Plaintiff will suffer irreparable harm to its protected business interests and property rights in its trade secrets, trademark, goodwill, and Confidential Information, for which there is no adequate remedy at law. To preserve the status quo, this Temporary Restraining Order is appropriate.

**It is therefore ORDERED that Defendants, their partners, agents, servants, employees, employers, and attorneys ("Enjoined Parties") who receive actual notice of this Temporary Restraining Order shall be enjoined as follows:**

    a) Enjoined Parties are prohibited from directly or indirectly, using, reviewing, disclosing, publishing, sharing, disseminating, and/or allowing access to, destroying, concealing, deleting, or removing any of ALIL's Confidential Information and/or trade secrets including, but not limited to, data and information with regard to business plans, trade secrets, finances, records, personnel, designs, marketing, customers and customer lists, customer requirements, sales, products, systems, processes, trade secrets, methods,

EXHIBIT A

know-how, sales methodologies, training methodologies, sales channels, product development plans, and/or pricing;

b) Enjoined Parties are prohibited from destroying any record, document, report, spreadsheet, communication, or other information, whether in written or electronic format, in their respective possession, control, or otherwise accessible to him, that is contains information that could be relevant or discoverable in this lawsuit, including but not limited to any ALIL's Confidential Information, trade secrets, or any other ALIL proprietary or protected information;

c) Enjoined Parties are prohibited from engaging in any acts that would constitute a breach of the Restrictive Covenant Agreement and are prohibited from engaging in any act, omission, communication, or other effort to assist Diaz in any additional or further breach of his Restrictive Covenant Agreement;

d) Enjoined Parties are prohibited from interfering with any business opportunities or relationships of ALIL, including bidding on any current or pending agreements, sales, or transactions between ALIL and its customers, vendors, partners, or clients;

e) Enjoined Parties are prohibited from directly or indirectly hiring, soliciting, recruiting, or otherwise attempting to induce any person who is, or within the preceding twelve (12) months prior to November 17, 2023 was, (i) employed or otherwise engaged by ALIL and (ii) with whom Diaz had Material Contact during such period, meaning Diaz (a) supervised such

person or was otherwise in such person's chain of command; (b) regularly worked with the person on behalf of the ALIL; or (c) whom Diaz received Confidential Information in the ordinary course of business about the person.

f) Enjoined Parties are prohibited from otherwise disrupting, damaging, impairing, or interfering with the business of ALIL or from directly or indirectly deriving any economic benefit from the goodwill, business relationships, or reputation of ALIL.

g) Enjoined Parties must immediately cease and desist use of the trademark "Arreglar Sin Salir!" in any capacity and are prohibited from using such trademark or any variation thereof in commerce.

IT IS ORDERED that this Order shall expire at midnight on the fourteenth (14th) day after the Court enters this Order.

IT IS FURTHER ORDERED that Plaintiff and Defendants shall appear before this honorable Court on ____June 14____, 2024, at 1:00 o'clock, p .m., in the courtroom of the above named district court of Harris County, Texas, to then and there show cause, if any, why a temporary injunction should not be issued enjoining Defendants from engaging in the activities described above.

The clerk of this court IS DIRECTED to issue a show cause notice to Defendants to appear at this temporary injunction hearing.

The clerk of the court shall forthwith issue a Temporary Restraining Order in conformity with the law and the terms of this Order.

The Court imposes a bond of $1000 ~~pending~~

5

SIGNED on this ____ day of _____, 2024. Signed:
5/31/2024 *Cheryl Elliott Thornton*
1:45 PM
PRESIDING JUDGE

5

EXHIBIT A

# EXHIBIT B

5/31/2024 11:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88305464
By: Tammie Young
Filed: 5/31/2024 11:07 AM

CAUSE NO. 2024-33882

| | | |
|---|---|---|
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| JUAN PABLO DIAZ CUENCA | § § | |
| and | § § | |
| MENESES LAW, PLLC | § § | |
| Defendants. | § § | 269TH JUDICIAL DISTRICT |

## ORDER GRANTING EXPEDITED DISCOVERY

The Court has today considered Plaintiff's Motion to Conduct (Limited) Expedited Discovery.

The Court finds good cause under Texas Rules of Civil Procedure 191.1 to modify the normal discovery procedures and limitations, to permit limited discovery on an expedited basis in conjunction with the Temporary Injunction.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the normal discovery procedures are hereby modified and parties may conduct discovery on an expedited basis in accordance with the following parameters.

1. The Plaintiff may depose Defendant Diaz for no longer than three (3) hours;

2. The Plaintiff may depose a corporate representative of Defendant Meneses Law, PLLC for no longer than three (3) hours;

3. Notice for such depositions will be provided by Defendant in writing with two (2) days' advance notice;

4. The Plaintiff may serve on Defendant Diaz requests for documents (5 requests or fewer) with responses (and any objections) due within seven (7) days of service;

EXHIBIT B

5. The Plaintiff may serve on Defendant Meneses Law, PLLC requests for documents (5 requests or fewer) with responses (and any objections) due within seven (7) days of service; and,

6. Discovery conducted hereunder will not waive rights to future additional discovery in this matter.

SIGNED this _____ day of _____, 2024 at _____a.m./p.m.

_____
HONORABLE JUDGE

EXHIBIT B

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Frankie Larsen on behalf of Charles Jeremiah
Bar No. 784338
Frankie.Larsen@jacksonlewis.com
Envelope ID: 88305464
Filing Code Description: Proposed Order
Filing Description: Proposed Order Granting Expedited Discovery
Status as of 5/31/2024 11:52 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lauren HopeWhiting | | Lauren.Whiting@Jacksonlewis.com | 5/31/2024 11:07:19 AM | SENT |
| Houston Docketing | | houstondocketing@jacksonlewis.com | 5/31/2024 11:07:19 AM | SENT |
| Charles T.Jeremiah | | Charles.Jeremiah@jacksonlewis.com | 5/31/2024 11:07:19 AM | SENT |
| JoAnn ETucker | | JoAnn.Tucker@jacksonlewis.com | 5/31/2024 11:07:19 AM | SENT |
| Austin Docketing | | austindocket@jacksonlewis.com | 5/31/2024 11:07:19 AM | SENT |
| Crystal Aranda-Alvidrez | | crystal.aranda-alvidrez@jacksonlewis.com | 5/31/2024 11:07:19 AM | SENT |
| Kirsten RFraser | | kfraser@organlegal.com | 5/31/2024 11:07:19 AM | SENT |

EXHIBIT B

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Felicia Sargent on behalf of Lauren Whiting
Bar No. 24084091
felicia.sargent@jacksonlewis.com
Envelope ID: 88534857
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Expedited Discovery and Preservation of Evidence
Status as of 6/7/2024 8:35 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lauren HopeWhiting | | Lauren.Whiting@Jacksonlewis.com | 6/6/2024 5:18:21 PM | SENT |
| Charles T.Jeremiah | | Charles.Jeremiah@jacksonlewis.com | 6/6/2024 5:18:21 PM | SENT |
| Kirsten RFraser | | kfraser@organlegal.com | 6/6/2024 5:18:21 PM | SENT |
| Joseph Y.Ahmad | | joeahmad@azalaw.com | 6/6/2024 5:18:21 PM | SENT |
| Tracy Zamora | | tzamora@azalaw.com | 6/6/2024 5:18:21 PM | SENT |
| Jason S.McManis | | jmcmanis@azalaw.com | 6/6/2024 5:18:21 PM | SENT |
| Michael Killingsworth | | mkillingsworth@azalaw.com | 6/6/2024 5:18:21 PM | SENT |
| Emma KPennington | | epennington@azalaw.com | 6/6/2024 5:18:21 PM | SENT |
| Houston Docketing | | houstondocketing@jacksonlewis.com | 6/6/2024 5:18:21 PM | SENT |
| Frankie Larsen | | Frankie.Larsen@jacksonlewis.com | 6/6/2024 5:18:21 PM | SENT |
| Austin Docketing | | austindocket@jacksonlewis.com | 6/6/2024 5:18:21 PM | SENT |
| Crystal Aranda-Alvidrez | | crystal.aranda-alvidrez@jacksonlewis.com | 6/6/2024 5:18:21 PM | SENT |
| JoAnn ETucker | | JoAnn.Tucker@jacksonlewis.com | 6/6/2024 5:18:21 PM | SENT |
| Felicia Sargent | | Felicia.Sargent@jacksonlewis.com | 6/6/2024 5:18:21 PM | SENT |