IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | | |
|---|---|---|
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC, | § § § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:24-cv-02190 |
| | § | |
| JUAN PABLO DIAZ CUENCA and MENESES LAW, PLLC | § § § | |
| | § | |
| *Defendants.* | § | |

**MENESES LAW, PLLC'S MOTION TO DISMISS COUNT V AND COUNT IV
OF PLAINTIFF'S ORIGINAL PETITION**

I

## TABLE OF CONTENTS

**INTRODUCTION**.................................................................................................................. 1

**PROCEDURAL POSTURE** ................................................................................................ 2

**FACTUAL BACKGROUND**............................................................................................... 2

**LEGAL STANDARD** .......................................................................................................... 5

**ARGUMENT AND AUTHORITIES**.................................................................................. 5

   A.   TUTSA's Preemption Provision Preempts All Tort Claims Based on Alleged Misappropriation of Trade Secrets. ............................................................................................ 5

   B.   Plaintiff's Unfair Competition claim (Count V) fails as a matter of law because it is preempted by TUTSA. .................................................................................................................. 6

**CONCLUSION** ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*EthosEnergy Field Servs., LLC v. Axis Mech. Grp., Inc.*, C.A. H-21-3954, 2022 WL 2707734 at *7 (S.D. Tex. June 10, 2022) .................................................................................................. 6

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) ........ 5

*Recif Res., LLC*, 2020 WL 6748049 at *13–14 ................................................................................ 7

*Super Starr Int'l, LLC,* 531 S.W.3d at 843 ..................................................................................... 5

*Title Source, Inc. v. HouseCanary, Inc.,* No. 04-19-00044-CV, 2020 WL 5027667, at *11 (Tex. App.—San Antonio Aug. 26, 2020, no pet. h.) (op. on reh'g)) .................................................. 5

*UATP Mgmt., LLC v. Leap of Faith Adventures, LLC,* No. 02-19-00122-CV, 2020 WL 6066197, at *7 (Tex. App. Oct. 15, 2020) .................................................................................................. 5

*WeInfuse, LLC v. InfuseFlow, LLC,* No. 3:20-CV-1050-L, 2021 WL 1165132, at *7 (N.D. Tex. Mar. 26, 2021) ............................................................................................................................. 6

**Statutes**

28 U.S.C. §§ 1331 ............................................................................................................................ 2

28 U.S.C. §§ 1367 ............................................................................................................................ 2

28 U.S.C. §§ 1441 ............................................................................................................................ 2

28 U.S.C. §§ 1446 ............................................................................................................................ 2

TEX. CIV. PRAC. & REM. CODE § 134A.007(a) ......................................................................... 5

TEX. CIV. PRAC. & REM. CODE § 134A.008 ............................................................................. 5

In accordance with Federal Rule of Civil Procedure 12(b)(6), Defendant Meneses Law, PLLC ("Meneses Law"), by and through counsel, moves this Court to dismiss with prejudice Plaintiff Alexandra Lozano Immigration Law, PLLC's ("Plaintiff" or "ALIL") claims for Unfair Competition (Count V of Plaintiffs Original Verified Petition) and Misappropriation/Conversion of Confidential Information (Count VI of Plaintiffs Original Verified Petition) because, as alleged, they are preempted by law and would show the Court as follows:

## **INTRODUCTION**

It is undisputed that Plaintiff has alleged misappropriation of trade secrets by the Defendants under the Texas Uniform Trade Secrets Act ("TUTSA"). While Plaintiff attempts to cast a wide net of claims, one only needs to read the introductory paragraph in Plaintiff's Original Verified Petition (the "Petition") to know the crux of the allegation—"[t]hrough a scheme of utilizing proprietary and confidential information belonging to Plaintiff and hiring away key employees who had access to Plaintiff's confidential and proprietary information . . . the Defendant seeks to build an exact replica of ALIL's highly successful immigration law practice . . . ." Pls. Pet., pg. 1, ¶ 1 (attached hereto as Exhibit 1). Most, if not all, of Plaintiff's claims concern the use or misuse of what it has alleged constitutes trade secret information. Texas law is clear that each of these overlapping common law claims are preempted by TUTSA. Thus, after enactment of TUTSA, a party asserting that its trade secret information was misappropriated and misused must seek relief under TUTSA.[1]

In Count V of the Petition, Plaintiff alleges Diaz has or will in the future use ALIL's "trade secrets" to wrongfully solicit ALIL's business opportunities and employees to divert business from

---

[1] Plaintiff asserted nine separate counts and Defendant only seeks dismissal of the two counts which, as alleged, are subject to preemption; while the other claims suffer from other deficiencies, Meneses Law intends to answer those claims.

1

ALIL directly to Meneses Law. *See* Pls. Pet., pg. 26, ¶¶ 108, 111. In Count VI of the Petition, Plaintiff contends that Diaz "acquired trade secrets," and, with Meneses Law, will utilize and disclose to Plaintiff's detriment. *See* Pls. Pet., pg. 27, ¶¶ 115, 117. The court should dismiss both claims because each of them are preempted by TUTSA.

## PROCEDURAL POSTURE

On June 7, 2024, Defendants jointly filed a Notice of Removal of this action from the 269th Judicial District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

On June 20, 2024, Defendant Meneses Law, PLLC, moved to extend time with which it is required to move, answer or otherwise respond to Plaintiff's Complaint for 30 days, up to and including July 20, 2024, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A).

## FACTUAL BACKGROUND

Plaintiff filed this action in the 269th Judicial District Court, Harris County, Texas on April 25, 2024, asserting nine separate counts. Two of those counts allege claims for misappropriation of trade secrets: Count II (Federal Misappropriation of Trade Secrets under the DTSA), and Count III (Misappropriation of Trade Secrets under TUTSA). As pleaded, Plaintiff identified the following types of trade secrets in its DTSA and TUTSA claims: business operations; business strategy; growth strategy; data management; and proprietary software. Pls. Pet., pg. 21, ¶ 80; pg. 23, ¶ 89 (identifying the categories of trade secrets under both DTSA and TUTSA).

In Counts V and VI, Plaintiff explicitly recasts its trade secret claim as one for unfair competition and conversion under Texas common law. *See id.* pg. 26, ¶ 108 (Count V – identifying the "trade secrets described in this Petition" as a basis for its unfair competition claim); *id.* pg. 27,

2

¶¶ 115, 117 (Count VI – identifying "trade secrets" as a basis for its misappropriation/conversion claim). That alone should be dispositive.

But even a closer look at Count V makes it clear that there is complete overlap; Plaintiff's descriptions of the confidential information and trade secrets in Count V[2] are all just subsets of the categories it already identified as its "trade secrets" in Counts II and III:

| Type of "Trade Secret" in Counts II and III | Count V (¶¶ 108–109) |
| --- | --- |
| **Business Operations** | E.g., billing practices, sales, recruiting, processes, protocols |
| **Business Strategy** | E.g., pricing strategies, marketing approaches, sales and recruiting approaches |
| **Growth Strategy** | "growth strategies" |
| **Data Management** | E.g., client information, internal systems and database |
| **Proprietary Software** | E.g., proprietary and password protected database |

In fact, throughout Plaintiff's petition, Plaintiff fails to delineate at all between its confidential and trade secret information, treating them as a single bucket of information. For example, the following are just a few examples where Plaintiff identifies the same information as both trade secret and confidential:

- "Plaintiff's confidential and proprietary information regarding business operations, growth strategies, data management, and software systems . . ." *id.* pg. 1, ¶ 1;

- "confidential growth strategy" *id.* pg. 7, ¶ 25; "used ALIL's confidential business strategies" pg. 12–13, ¶ 50;

- "ALIL has developed many proprietary systems to support its business in terms of intake software, immigration form completion software, data management analytics, and case management." *id.* Pg. 7, ¶ 26;

---

[2] As to Count VI, Plaintiff only ever alleges broadly that "trade secrets" are a basis for the claim. *Id.* pg. 27, ¶¶ 115, 117. Thus, presumably—because it makes no more specific identification—it refers to all the trade secrets previously alleged.

- "ALIL's proprietary operations, innovative growth strategies, technological developments, and data management also give ALIL a competitive advantage . . ." *id.* pg. 8, ¶30;

- "Diaz had nearly unfettered access to confidential information concerning all of ALIL's proprietary business operations including salary information, growth strategies, data management, vendors, and proprietary software . . ." *id.* pg. 10, ¶ 41;

- "Diaz, Rodriguez, and Penarete together can recreate most, if not all, of ALIL's proprietary business operations, growth strategies, data management, and proprietary software based on ALIL's confidential information and trade secrets." *id.* pg. 13, ¶ 54;

- "Without court intervention, it is clear that Defendants will continue to improperly use ALIL's trademark and its confidential information and trade secrets in an effort to improperly recreate ALIL's business model and growth strategies . . ." *id.* pg. 19, ¶ 72;

- "ALIL's trade secrets, including but not limited to, business operations, business strategy, growth strategy, data management proprietary software, and other highly confidential information . . ." *id.* pg. 21, ¶ 80;

- The trade secrets owned by ALIL . . . include but are not limited to, business operations, business strategy, growth strategy, data management, proprietary software, educational materials, and other highly confidential information . . ." *id.* pg. 23, ¶ 89;

"It developed a proprietary and password protected database with confidential client information, internal billing practices, pricing strategies, marketing approaches, growth strategies and related sales and recruiting approaches, process, and protocols, including the confidential information and trade secrets described in this Petition." *id.* pg. 26, ¶ 108. Compounding the problem of Plaintiffs' pleaded overlap between its confidential information and trade secrets is that the same harm is pleaded for these claims as well. *Compare id.* pg. 24, ¶ 95 (complaining of "unjustly gain" in market share and "commercial advantage") *with id.* pg. 26, ¶ 112; pg. 27, ¶ 117 (complaining of "wrongfully gained . . . pecuniary advantage" and "unjust enrichment"). Taken together, this demonstrates the claims—as pleaded by ALIL—completely overlap.

4

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal if a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The grant of a Rule 12(b)(6) Motion to Dismiss is subject to de novo review. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004).

## ARGUMENT AND AUTHORITIES

**A. TUTSA's Preemption Provision Preempts All Tort Claims Based on Alleged Misappropriation of Trade Secrets.**

TUTSA's preemption provision "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." TEX. CIV. PRAC. & REM. CODE § 134A.007(a). In other words, TUTSA mandates dismissal of conflicting common law torts based on misappropriation of trade secrets to "prevent inconsistent theories of relief for the same underlying harm by **eliminating alternative theories of common-law recovery which are premised on the misappropriation of a trade secret**." *Super Starr Int'l, LLC v. Fresh Tex. Produce, LLC*, 531 S.W.3d 829, 843 (Tex. App.—Corpus Christi 2017, no pet.) (emphasis added); TEX. CIV. PRAC. & REM. CODE § 134A.008 ("This chapter shall be applied and construed to effectuate its general purpose").

In short, "[w]hen the gravamen of a common law claim duplicates a TUTSA claim, the common law claim is preempted." *UATP Mgmt., LLC v. Leap of Faith Adventures, LLC,* No. 02-19-00122-CV, 2020 WL 6066197, at *7 (Tex. App. Oct. 15, 2020), *review denied* (Mar. 12, 2021) (quoting *Title Source, Inc. v. HouseCanary, Inc.,* No. 04-19-00044-CV, 2020 WL 5027667, at *11 (Tex. App.—San Antonio Aug. 26, 2020, no pet. h.) (op. on reh'g)). The focus of the preemption analysis is whether the plaintiff has alleged the same misappropriation of trade secret facts to support its other claims. *WeInfuse, LLC v. InfuseFlow, LLC,* No. 3:20-CV-1050-L, 2021 WL

5

1165132, at *7 (N.D. Tex. Mar. 26, 2021); *UATP Mgmt., LLC,* 2020 WL 6066197, at *7 (ruling that plaintiff "cannot seek legal redress for theft of trade secrets by recasting it as an interference claim").

When a plaintiff expressly identifies the allegedly misappropriated information as "trade secret," TUTSA preemption applies. *Id.*; *EthosEnergy Field Services, LLC v. Axis Mech. Group, Inc.,* No. CV H-21-3954, 2022 WL 2707734, at *7 (S.D. Tex. June 10, 2022) ("[t]o the extent that these claims are premised on trade secrets, they are preempted.").

As shown above, Plaintiff expressly premises each of its claims on misappropriation of the same "trade secrets." Because of that, TUTSA unequivocally applies. In its trade secret causes of action, Plaintiff alleges that Diaz misappropriated trade secrets including "business operations, business strategy, growth strategy, data management, proprietary software, educational materials, and other highly confidential information that Diaz and the Other Employees had access to via their former employment with ALIL" and shared them with Meneses Law. Pls. Pet., pg. 23, ¶ 89. Counts V and VI, common law tort claims, have no factual basis other than the alleged taking and sharing of **the same trade secrets**. *See id.*, pg. 26, ¶ 108; pg. 27, ¶ 115. It is precisely in that scenario when TUTSA preemption takes effect and, therefore, Plaintiff's claims for unfair competition and misappropriation/conversion of confidential information must be dismissed.

**B. Plaintiff's Unfair Competition claim (Count V) fails as a matter of law because it is preempted by TUTSA.**

Plaintiff bases its TUTSA claim on the very same trade secrets that it bases its unfair competition common law claim, stating explicitly that it is based on "the trade secrets described in this Petition." Pls. Pet., pg. 26, ¶ 108:

6

| Paragraph 89 | Paragraph 108 |
|---|---|
| "The trade secrets owned by ALIL . . . include but are not limited to, business operations, business strategy, growth strategy, data management, proprietary software, educational materials, and other highly confidential information . . ." | "[ALIL] developed a proprietary and password protected database with confidential client information, internal billing practices, pricing strategies, marketing approaches, growth strategies and related sales and recruiting approaches, processes, and protocols, including the confidential information and **trade secrets described in this Petition**." |

Broken down more in a more granular fashion, the overlap is as follows:

| Type of "Trade Secret" in Counts II and III | Count V (pg. 26, ¶¶ 108–109) |
|---|---|
| **Business Operations** | E.g., billing practices, sales, recruiting, processes, protocols |
| **Business Strategy** | E.g., pricing strategies, marketing approaches, sales and recruiting approaches |
| **Growth Strategy** | "growth strategies" |
| **Data Management** | E.g., client information, internal systems and database |
| **Proprietary Software** | E.g., proprietary and password protected database |

Moreover, while Plaintiff more specifically identifies the protected information as "a proprietary and password protected database with confidential client information, internal billing practices, pricing strategies, marketing approaches, growth strategies and related sales and recruiting approaches, processes, and protocols," these are merely items that fall within very same claimed trade secrets in Counts II and III as outlined in the chart in above. Accordingly, because Plaintiff expressly identifies the allegedly misappropriated information as "trade secret," TUTSA preemption applies. *Recif Res., LLC*, 2020 WL 6748049 at *13–14 (collecting cases); *EthosEnergy*, 2022 WL 2707734 at*7 (S.D. Tex. June 10, 2022) ("[t]o the extent that these claims are premised on trade secrets, they are preempted.").

**C. Plaintiff's Misappropriation/Conversion of Confidential Information (Count VI) fails as a matter of law because it is preempted by TUTSA.**

Plaintiff's common law claim of misappropriation/conversion of confidential information suffers from the same flaws—Plaintiff expressly bases it on the same "trade secrets" for which Plaintiff bases its TUTSA Claims:

| Paragraph 115 (Count VI) | Paragraph 117 (Count VI) |
|---|---|
| "In the course of his employment with ALIL, Diaz acquired **trade secrets**, and proprietary and confidential information belonging to ALIL." | Diaz "continues to work for a direct competitor of ALIL in a role that necessarily requires hi[m] to utilize, if not disclose ALIL's confidential information and **trade secrets**." |

In no way does Plaintiff distinguish the information on which this common law claim is based from the supposed trade secrets it claims are protected by TUTSA; rather it expressly includes the trade secrets within this claim (and the only description of confidential information in Plaintiffs' petition, discussed above with respect to Count V, completely overlaps with the described trade secrets). Accordingly, this common law claim, as pleaded, is for misappropriation of the exact same information (*i.e.*, the claimed trade secrets) on which its TUTSA claim is based.

As stated above, when a plaintiff expressly bases a claim for misappropriation on "trade secrets," TUTSA preemption applies. *Recif Res., LLC*, 2020 WL 6748049 at *13–14 (collecting cases); *EthosEnergy*, 2022 WL 2707734 at *7 ("[t]o the extent that these claims are premised on trade secrets, they are preempted."). Therefore, Count VI must also be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's claims for Unfair Competition (Count V) and Misappropriation/Conversion of Confidential Information (Count VI) as they are based on misappropriation and preempted by the Texas Uniform Trade Secrets Act, and for all other and further relief, regular or special, to which Defendant may show itself to be justly and equitably entitled.

8

Dated: June 22, 2024												Respectfully submitted,

                                                          */s/ Jason S. McManis*
Joseph Y. Ahmad
State Bar No. 00941100
Federal ID: 11604
Jason S. McManis
State Bar No. 24088032
Federal ID: 3138185
Michael Killingsworth
State Bar No. 24110089
Federal ID: 3372610
joeahmad@azalaw.com
jmcmanis@azalaw.com
mkillingsworth@azalaw.com
1221 McKinney, Suite 2500
Houston, Texas 77010
Phone: (713) 655.1101
Fax:   (713) 655.0062

**ATTORNEY FOR DEFENDANT MENESES LAW FIRM PLLC**

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, a true and correct copy of the above and foregoing document was filed electronically and provided to all counsel of record through the CM/ECF system.

<em>/s/ Jason S. McManis</em>

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 22, 2024, pursuant to this Court's Civil Procedures Rule 7.P, the undersigned conferred by videoconference with opposing counsel to see if the pleading deficiency could be cured by amendment. The parties discussed a proposed amendment but were not able to agree that it would cure the deficiencies set forth in this Motion.

<em>/s/ Jason S. McManis</em>