IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC,<br><br>    Plaintiff,<br><br>v.<br><br>JUAN PABLO DIAZ CUENCA<br><br>   and<br><br>MENESES LAW, PLLC<br><br>    Defendants. | Civil Action No. 4:24-cv-2190 |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. **State when the parties conferred as required by Rule 26(f) and identify the counsel who conferred.**

    The Parties met via videoconference on August 6, 2024. The attendees include Pamela Linberg and Kirsten Fraser for the Plaintiff and Michael Killingsworth for Defendant Meneses Law and Ashish Mahendru for Defendant Diaz.

    Plaintiffs:

    Pamela B. Linberg
    JACKSON LEWIS P.C.
    717 Texas Avenue, Suite 1700
    Houston, TX 77002
    713568.7871 [Telephone]
    713.654-0405 [Facsimile]
    Pamela.Linberg@jacksonlewis.com

    Lauren Hope Whiting
    Texas Bar No. 24084091
    JACKSON LEWIS P.C.
    93 Red River St., Ste. 1150
    Austin, Texas 78701
    512.362.7408 [Telephone]
    512.362.5574 [Facsimile]
    Lauren.Whiting@jacksonlewis.com

**Page 1**

Nathaniel J. Higgins
Jackson Lewis P.C.
717 Texas Avenue, Suite 1700
Houston, TX 77002
713.650.0404 [Telephone]
Nathanie.Higgins@jacksonlewis.com

Kirsten R. Fraser (*Pro Hac Vice*)
Organ Law LLP
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900 [Telephone]
kfraser@organlegal.com

Meneses Law, PLLC:

Jason S. McManis, JMcManis@azalaw.com
Joe Ahmad
Michael Killingsworth
Ahmad, Zavitsanos, & Mensing, PLLC
1221 McKinney, Ste. 2500
Houston, Texas 77010

Edwin Sullivan, ed@osattorneys.com
Oberti Sullivan LLP
712 Main Street, Suite 900
Houston, TX 77002
For Defendant, Meneses Law PLLC

Juan Pablo Diaz Cuenca:

Ashish Mahendru, amahendru@thelitigationgroup.com
Darren Braun, dbraun@thelitigationgroup.com
Mahendru, PC
639 Heights Blvd.
Houston, Texas 77007
For Defendant Juan Pablo Diaz Cuenca

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Plaintiff alleges that Defendant Meneses Law has misappropriated its trade secrets and proprietary confidential information to build an exact replica of ALIL. It did so through hiring former high-ranking ALIL employee Diaz Cuenca ("Diaz"). Plaintiff claims Diaz stole ALIL's educational materials and key client files, and promised Meneses Law unfettered access to everything he knew about ALIL in exchange for employment, and that Meneses Law knowingly accepted this misappropriated information from Diaz to create a rival back-office in Bogotá, Colombia in the image of ALIL's Bogotá's back-office. Plaintiff also claims Meneses Law illegally used ALIL's marketing materials provided by Diaz for its own benefit and used ALIL's "ARREGLAR SIN SALIR!" federally registered trademark without license.

   Plaintiff brings claims against all Defendants for injunctive relief, Federal Misappropriation of Trade Secrets, Misappropriate of Trade Secrets under Texas law, Tortious Interference with Contracts, Unfair Competition, Misappropriation/Conversion of Confidential Information, and claims for punitive damages and attorneys' fees. Plaintiff also brough a claim against Defendant Meneses Law for False Designation of Origin, as well as a claim against Defendant Diaz for Breach of Contract. Plaintiff denies any violation of law and the claims specified in Defendant Meneses Law's Counterclaim [**Dkt. 18**].

   Defendants deny all of the allegations set forth above, and deny any violation of law under the claims specified in Plaintiff's Original Verified Petition and Application for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Request for Expedited Discovery [**Dkt. 1**, Document 1-4].

   Defendant Meneses Law brings a claim against Plaintiff for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2022 in its Counterclaim [**Dkt. 18**]. More specifically, Defendant Meneses seeks a declaration that Plaintiff's use of the common Spanish phrase "arreglar sin salir" (and any derivatives) in connection with the provision of legal services for immigration is not likely to cause customer confusion and does not infringe any trademark rights. Meneses Law also seeks a declaration that Plaintiff owns no valid trademark rights in the "ARREGLAR SIN SALIR!" trademark. Meneses Law also seeks a declaration that it has not engaged in any unfair competition in using the common Spanish phrase "arreglar sin salir" (and any derivatives) in connection with its legal services for immigration.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff filed this suit in state court. Defendants removed this matter to this court by their Notice of Removal [**Dkt. 1**] filed June 7, 2024. Defendants alleged in their Notice of Removal [**Dkt. 1**] that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff has expressly asserted a claim arising under the Defend Trade Secrets Act [28 U.S.C. § 1836, *et. seq.*). Defendants further alleged in their

Notice of Removal [**Dkt. 1**] that this Court has jurisdiction over Plaintiff's state law claims under supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Defendants also allege that this Court has jurisdiction over any non-removable claims in this suit pursuant to 28 U.S.C. § 1441(c).

5. **Name the parties who disagree and the reasons.**

    No party disagrees that this court has jurisdiction of Plaintiff's claims.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None known at this time.

7. **List anticipated interventions.**

    None known at this time.

8. **Describe class-action issues.**

    None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties have not exchanged Initial Disclosures. Each party agrees to serve his or its Initial Disclosures within ten (10) days following the Initial Scheduling Conference, which is currently set for August 20, 2024, by the Court's Order Setting Conference [**Dkt. 5**] dated June 12, 2024.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Expedited Discovery**

    The Parties have agreed to engage in expedited discovery as outlined in their Joint Motion for Expedited Discovery [**Dkt. 21**] filed on August 2, 2024.

    B. **Responses to all the matters raised in Rule 26(f).**

    The parties agree to conduct discovery as provided by the Rules and anticipate exchanging written discovery and taking depositions before the discovery deadline. The parties agree to a maximum of 50 requests for production, 50 requests for admission, and 25 interrogatories above and beyond the requests submitted during the expedited discovery phase.

The parties also agree that they may serve each other by electronic mail or facsimile to the lead attorney on the case.

**C.    Discovery is needed on the following subjects:**

Discovery is needed on Plaintiff's claims, Defendants' defenses to those claims, and Defendant's counterclaims, including without limitation the following:

i. The facts underlying Plaintiff's claims and damage requests in its Original Verified Petition and Application for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Request for Expedited Discovery [**Dkt. 1**, Doc. 1-4];

ii. The facts underlying Defendants' defenses to Plaintiff's claims and damage requests in its Original Verified Petition and Application for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Request for Expedited Discovery [**Dkt. 1**, Doc. 1-4];

iii. The facts underlying the relief requested in Plaintiff's Motion for Preliminary Injunction [**Dkt. 19**];

iv. The facts underlying the Defendants' defenses to the relief requested in Plaintiff's Motion for Preliminary Injunction [**Dkt. 19**];

v. The facts underlying the relief requested in Defendant Meneses Law's Counterclaim [**Dkt. 18**]; and

vi. The facts underlying Plaintiff's defenses to the relief requested in Defendant Meneses Law's Counterclaim [**Dkt. 18**].

**D.    When and to whom the plaintiff anticipates it may send interrogatories**.

Plaintiff agrees to conduct discovery relating to the facts underlying and the relief requested in its Motion for Preliminary Injunction [**Dkt. 19**] in accordance with the time periods outlined in the Parties' Joint Motion for Expedited Discovery [**Dkt. 21**] filed on August 2, 2024. On all other issues, claims, and damages, Plaintiff anticipates serving interrogatories to Defendants so that the answers will be due within the discovery period.

**E.    When and to whom the defendant anticipates it may send interrogatories.**
Defendants agree to conduct discovery relating to the facts underlying and the relief requested in Plaintiff's Motion for Preliminary Injunction [**Dkt. 19**] in accordance with the time periods outlined in the Parties' Joint Motion for Expedited Discovery [**Dkt. 21**] filed on August 2, 2024. On all other issues,

claims, and damages, Defendants anticipate serving interrogatories to Plaintiff so that the answers will be due within the discovery period.

**F.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff agrees to take depositions relating to the facts underlying and the relief requested in its Motion for Preliminary Injunction [**Dkt. 19**] in accordance with the categories and time periods outlined in the Parties' Joint Motion for Expedited Discovery [**Dkt. 21**] filed on August 2, 2024. On all other issues, claims, and damages, Plaintiff anticipates taking the depositions of individuals disclosed in the Parties' pleadings, disclosures, and discovery responses during the discovery period.

**G.    Of whom and by when the defendant anticipates taking oral depositions.**

Defendants agree to conduct discovery relating to the facts underlying and the relief requested in Plaintiff's Motion for Preliminary Injunction [**Dkt. 19**] in accordance with the time periods outlined in the Parties' Joint Motion for Expedited Discovery [**Dkt. 21**] filed on August 2, 2024. On all other issues, claims, and damages, Defendants anticipate taking the depositions of individuals disclosed in the Parties' pleadings, disclosures, and discovery responses during the discovery period.

**H.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

To the extent they will be required, Plaintiff will be able to designate experts and provide expert reports by April 2, 2025, and Defendant will be able to designate experts and provide expert reports by May 6, 2025. This date anticipates a trial setting in September of 2025. Should the Court set a different time for trial, the parties agree to modify this date as required by the Court.

**I.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff agrees to conduct discovery relating to the facts underlying and the relief requested in Plaintiff's Motion for Preliminary Injunction [**Dkt. 19**] in accordance with the time periods outlined in the Parties' Joint Motion for Expedited Discovery [**Dkt. 21**] filed on August 2, 2024. Otherwise, Plaintiff will take the deposition of any expert designated by Defendant before the end of the discovery period.

J.  **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report)**.

Defendants agree to conduct discovery relating to the facts underlying and the relief requested in Plaintiff's Motion for Preliminary Injunction [**Dkt. 19**] in accordance with the time periods outlined in the Parties' Joint Motion for Expedited Discovery [**Dkt. 21**] filed on August 2, 2024. Otherwise, Defendants will take the deposition of any expert designated by Plaintiff before the end of the discovery period.

11. **If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**

    The Parties agree on this discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None to date.

13. **State the date the planned discovery can reasonably be completed.**

    The parties agree that discovery in this case can be completed by July 15, 2025. This date anticipates a trial setting in September of 2025. Should the Court set a different time for trial, the parties agree to modify this date as required by the Court.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties agree to consider mediation and/or explore the possibility of settlement once the parties conduct some initial discovery.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties agree to consider mediation and/or explore the possibility of settlement once the parties conduct some initial discovery.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    The parties agree to consider mediation and/or explore the possibility of settlement once the parties conduct some initial discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to proceed before a magistrate at this time.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff timely demanded a jury in this case.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties currently anticipate that it will take approximately 40 hours to present evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    Defendant Meneses Law Firm PLLC's Motion to Dismiss Count V and IV of Plaintiff's Original Petition [**Dkt. 16**].

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Defendant Juan Pablo Cuenca Diaz waived service of the summons on July 22, 2024; therefore, any responsive pleadings from Defendant are due on or about September 20, 2024. Defendant anticipates seeking dismissal of Plaintiff's complaint as well as filing counterclaims.

    Defendants have sought the production of an image of laptop at issue in this matter that Plaintiff has analyzed through a third-party forensic company. While the parties have previously had multiple conferences on the production of the image of the laptop, it appears that Plaintiff will not make the forensic image available to Defendants as part of their preparation for the preliminary injunction. To the extent the issue remains outstanding as of the hearing on the Initial Pretrial Conference, Defendants may need to obtain the Court's intervention on the issue.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiff filed its Certified on Interested Parties [**Dkt. 12**] on June 27, 2024.

    Defendant Meneses Law Firm PLLC filed its Certificate of Interested Parties [**Dkt. 13**] on June 27, 2024.

    Defendant Juan Pablo Diaz Cuenca has not yet filed his Certificate of Interested Parties.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    Pamela B. Linberg
    Texas Bar No.  00793299
    S.D. TX Bar No. 23981
    JACKSON LEWIS P.C.
    717 Texas Avenue, Suite 1700
    Houston, TX 77002
    713568.7871 [Telephone]
    713.654-0405 [Facsimile]
    Pamela.Linberg@jacksonlewis.com

    Lauren Hope Whiting
    Texas Bar No.  24084091
    JACKSON LEWIS P.C.
    93 Red River St., Ste.  1150
    Austin, Texas 78701
    512.362.7408 [Telephone]
    512.362.5574 [Facsimile]
    Lauren.Whiting@jacksonlewis.com

    Nathaniel J. Higgins
    Texas Bar No. 24087720
    S.D. TX Bar No. 3277285
    Jackson Lewis P.C.
    717 Texas Avenue, Suite 1700
    Houston, TX 77002
    713.650.0404 [Telephone]
    713.650.0405 [Facsimile]
    Nathaniel.Higgins@jacksonlewis.com

    Kirsten R. Fraser (*Pro Hac Vice*)
    Organ Law LLP
    1330 Dublin Road

Columbus, Ohio 43215
614.481.0900 [Telephone]
614.481.0904 [Facsimile]
kfraser@organlegal.com

*Attorneys for Plaintiff, Alexandra Lozano Immigration Law, PLLC*

Jason S. McManis, JMcManis@azalaw.com
Texas Bar No. 24088032
S.D. TX Bar No. 3138185
Joseph Y. Ahmad, JoeAhmad@azalaw.com
Texas Bar No. 0094110
S.D. TX Bar No. 11604
Michael Killingsworth, MKillingsworth@azalaw.com
Texas Bar No. 24110089
S.D. TX Bar No. 3372610
Ahmad, Zavitsanos, & Mensing, PLLC
1221 McKinney, Ste. 2500
Houston, Texas 77010

Edwin Sullivan, ed@osattorneys.com
State Bar No. 24003024
S.D. Texas No. 24524
Oberti Sullivan LLP
712 Main Street, Ste. 900
Houston, TX 77002
*Attorneys for Defendant, Meneses Law PLLC*

Ashish Mahendru, amahendru@thelitigationgroup.com
Texas Bar No. 00796980
S.D. TX Bar No. 30480
Darren Braun, dbraun@thelitigationgroup.com
Texas Bar No. 24082267
S.D. TX Bar No. 2276914
Mahendru, PC
639 Heights Blvd.
Houston, Texas 77007

*Attorneys for Defendant, Juan Pablo Diaz Cuenca*

Counsel for Plaintiff  /s/ *Nathaniel J. Higgins*               Date:  August 6, 2024

Counsel for Defendant Meneses Law PLLC  /s/ *Michael Killingsworth* Date:  August 6, 2024

Counsel for Defendant Juan Pablo Diaz Cuenca  /s/ *Ashish Mahendru*  Date:  August 6, 2024

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of *Joint Discovery Case Management Plan* was served on August 6, 2024, to the following entities:

***Via Email***
Jason S. McManis, JMcManis@azalaw.com
Joseph Y. Ahmad, JoeAhmad@azalaw.com
Ahmad, Zavitsanos, & Mensing, PLLC
1221 McKinney, Ste. 2500
Houston, Texas 77010

***Via Email***
Edwin Sullivan, ed@osattorneys.com
Oberti Sullivan LLP
712 Main Street, Ste. 900
Houston, TX 77002

**Attorneys for Defendant, Meneses Law PLLC**

***Via Email***
Ashish Mahendru, amahendru@thelitigationgroup.com
Mahendru, PC
639 Heights Blvd.
Houston, Texas 77007
**Attorneys for Defendant, Juan Pablo Diaz Cuenca**

                                              */s/ Nathaniel J. Higgins*
                                              Nathaniel J. Higgins