IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC, <br><br> Plaintiff, <br><br> v. <br><br> JUAN PABLO DIAZ CUENCA <br><br> and <br><br> MENESES LAW, PLLC, <br><br> Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 4:24-cv-2190 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
MENESES LAW, PLLC'S MOTION TO DISMISS COUNT V
AND COUNT VI OF PLAINTIFF'S ORIGINAL PETITION**

**INTRODUCTION**

1.      Plaintiff Alexandra Lozano Immigration Law, PLLC's ("ALIL") Original Verified Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Expedited Discovery ("Original Petition") details a scheme spearheaded by Defendant Meneses Law, PLLC ("Meneses Law") to create an exact replica of ALIL through stolen information. Using a former ALIL employee, Juan Pablo Diaz Cuenca ("Diaz"), as a conduit, Meneses Law took and used ALIL's case management processes, team structures, business growth strategies, data management systems, hiring strategies and compensation packages, training materials, and proprietary software to compete with ALIL.  ALIL brought suit against Meneses Law to protect its trade secrets, confidential information, and intellectual property.

2.      Through its Motion to Dismiss Count V and Count VI[1] of Plaintiff's Original

---

[1]  Meneses Law's Motion is styled "Motion to Dismiss Count V and Count IV of Plaintiff's Original Petition," but in Motion's body, it actually describes Count V and Count *VI* of the Original Petition.  Therefore, this brief addresses Counts V and VI of the Original Petition, rather than Count IV identified in the title of the Motion.

Petition ("Motion" or "Mot."), Meneses Law seeks to narrow ALIL's ability to seek comprehensive redress for Meneses Law's tortious activities.  Specifically, Meneses Law asks the Court to dismiss Counts V and VI of the Original Petition, which assert common law claims for unfair competition and conversion, respectfully.  Meneses Law claims that the Texas Uniform Trade Secrets Act ("TUTSA") preempts these common law causes of action.  Meneses Law fails to appreciate, however, that ALIL's common law claims are asserted in the alternative, and would only apply if the information that has been misappropriated does not qualify for protection as trade secret as defined in the TUTSA.  Indeed, Meneses Law specifically denies that ALIL qualifies for trade secret protection in its Answer [**Dkt. 18**].  Therefore, until ALIL has proven that the misappropriated information constitutes trade secrets (and it will), ALIL's common law claims are viable in the alternative, and dismissal is inappropriate at this juncture.  Accordingly, ALIL respectfully requests that the Court deny Meneses Law's Motion.

## STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

3.     The issue before the Court is whether ALIL's Original Petitions Counts V and VI should be dismissed.  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim for relief that is plausible on its face."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court's task "is 'to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'"  *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. Ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc).  "Rule 12(b)(6) motions are thus 'viewed with disfavor and rarely granted.'"  *KaZee, Inc. v. Callender*, No. 4:19-CV-31-SDJ, 2020 WL 994832, at *7 (E.D. Tex. Mar. 2, 2020) (quoting *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)).

2

4.       Importantly, Fed. R. Civ. P. 8(e)(2) allows a Plaintiff to plead alternative theories of liability.  Even more, alternative pleadings are allowed to be inconsistent.  *See Parra v. Mountain States Life Ins. Co. of Am.*, Case No. 94-60028, 1995 WL 241730 at \*4 (5th Cir. Apr. 3, 1995) (finding that pleading causes of action under a federal statutory scheme did not preempt alternative state law causes of action).  At the pleading stage, it is inappropriate for a court to dismiss a well-pled claim in the alternative.  *See, e.g., Banco Continental v. Curtiss Nat. Bank of Miami Springs*, 406 F.2d 510, 513 (5th Cir. 1969) ("Rule 8(2)(e) . . . does not force a party to select a single theory to the exclusion of others . . . ."); *Galderma Lab. LP v. Adams*, Case No. 4:20-CV-00260-P, 2020 WL 10893186, at \*6 (N.D. Tex. Dec. 8, 2020) (denying dismissal when claims alternatively pleaded and mutually exclusive until entering a judgment).

## SUMMARY OF THE ARGUMENT

5.       Meneses Law's sole argument in its Motion is that the TUTSA preempts ALIL's common law claims for unfair competition and conversion asserted in Counts V and VI of its Original Petition.  (Mot. at 2).  It does not challenge whether the well-pleaded allegations contained within those counts meet the necessary elements of the claims.  Therefore, the only question before the Court is whether the TUTSA prevents ALIL from asserting those common law claims.

6.       While it is true that the TUTSA prevents theories for relief for identical underlying harms premised on misappropriation of a trade secret, the TUTSA "does not affect . . . other civil remedies that are not based upon misappropriation of a trade secret[.]"  See TEX. CIV. P. & REM. CODE § 134A.007(a)-(b).  ALIL alleges that Meneses Law misappropriated a mix of trade secret and confidential information.  Furthermore, Meneses Law denies that any of ALIL's confidential and proprietary information constitutes a trade secret.  *See* Answer at ¶¶ 80-81, 89-90 [**Dkt. 18**]. To the extent that there is confidential and proprietary information that is the subject of this lawsuit that is not protected by the TUTSA as a trade secret, then Meneses Law is still liable at common

law for unfair competition and conversion relating to non-trade secret information.  *See 360 Mortg. Grp., LLC v. Homebridge Fin. Servs., Inc.*, Case No. A-14-CA-00846-SS, 2016 WL 900577, at \*6 (W.D. Tex. Mar. 2, 2016) (explaining that "[a] claim is not preempted if the plaintiff is able to show the claim is based on facts unrelated to the misappropriation of the trade secret").

7.     Critically, Meneses Law ignores the language in the first paragraphs of Counts V and VI in ALIL's Original Petition, in which ALIL states, "Plaintiff pleads the following cause of action *in the alternative* . . . ."  *See* Pet. ¶¶ 107, 114 (emphasis added).  In other words, ALIL brings its common law claims against Meneses Law *only to the extent that* the information that Meneses Law stole does not rise to the level of trade secrets as defined in the TUTSA.  This type of pleading is permissible and dismissal of these claims is inappropriate at this juncture.  *See AMID, Inc. v. Medic Alert Foundation United States, Inc.*, 241 F. Supp. 3d 788, 827 (S.D. Tex. 2017) (denying motion to dismiss on the basis of preemption where allegations of misappropriation of confidential information were alleged as alternative theories of relief); *see also DHI Group, Inc. v. Kent*, 397 F. Supp. 3d 904, 923 (S.D. Tex. 2019) ("at this time, the court cannot say whether any of Plaintiff's non-TUTSA claims are preempted.  If it is later established that any of the illicitly obtained information is a trade secret under the TUTSA, *then* the TUTSA preempts Plaintiffs' claims") (emphasis added).

## BACKGROUND

8.     ALIL and Meneses Law are both law firms specializing in immigration law.  (Pet. ¶¶ 5, 48).  They are direct competitors, as both firms serve clients nationwide and use niche areas of immigration law to gain clients legal status in the United States.  (*Id.* ¶ 48).  Because the field of immigration law is highly competitive and in great demand, law firms attempt to gain competitive edges through innovative approaches both to the practice of immigration law and to the business of immigration law firms.  (*Id.* ¶ 12).

9.      ALIL has invested millions of dollars in innovating its business strategies and practices, resulting in a fourfold increase in firm revenue.  (*Id.* ¶¶ 24-26, 30-31).  These business strategies and practices are comprised of highly confidential and protected information relating to case management processes, team structures, growth strategies, data management systems, hiring strategies, compensation packages, training materials, and proprietary software.  (*Id.* ¶¶ 24-26, 30, 41-42, 80, 89, 108-110).  ALIL employs many measures to protect this information from public disclosure, including robust cyber security, mandating strong password protections, tiered accessibility to information on internal systems, confidentiality and non-solicitation agreements, and training, to name a few.  (*Id.* ¶¶ 32-36).

10.      Meneses Law imitates ALIL in all facets of its business.  (*Id.* ¶ 47, 49).  Because ALIL protected the business strategies and practices that enabled exponential growth for the firm, Meneses Law resorted to misappropriation in an attempt to replicate ALIL's success.  Meneses Law's began its scheme in January 2024, when it hired Defendant Diaz, a former high-ranking ALIL employee who had been discharged from employment for inappropriate conduct with subordinate employees.  (*Id.* ¶¶ 44, 50-51).

11.      While at ALIL, Diaz had access to the highest levels of ALIL's confidential and proprietary information.  (*Id.* ¶ 41).  Further, his wife also worked at ALIL as a Data Analyst Team Lead, with access to even more sensitive, proprietary information regarding ALIL's operations, processes, clients, and software.  (*Id.* ¶ 42).  Importantly, Diaz was intimately involved with the creation of ALIL's back-office operations in Colombia, which supported the functions of the front offices in the United States.  (*Id.* ¶ 43).  The Colombian back-office's support allowed ALIL to open large regional offices and small micro-offices across the United States.  (*Id.* ¶¶ 24-25).

12.     After his discharge, Meneses Law hired Diaz to recreate ALIL's Columbian back-office for Meneses Law.  (*Id.* ¶ 50).  Through Diaz, Meneses Law obtained and used ALIL's confidential and proprietary information regarding ALIL's case management processes, team structures, business growth strategies, data management systems, hiring strategies and compensation packages, and proprietary software.  (*Id.* ¶¶ 50-55).  ALIL has even obtained photographs and audio recordings of Diaz using ALIL's training materials to train Meneses Law's employees.  (*Id.* ¶ 56).

13.     ALIL filed its Original Petition in Harris County District Court against Diaz and Meneses Law, bringing a series of claims against both relating to the misappropriation of ALIL's intellectual property, including claims under the Federal Defend Trade Secrets Act (Pet. ¶¶ 79-86), the TUTSA (Pet. ¶¶ 87-97), and common law.  As allowed under Fed. R. Civ. P. 8(a)(3), ALIL pleaded its claims for relief in the alternative, seeking different types of relief under various theories of liability.

14.     On May 31, 2024, a hearing on the Petition for Temporary Restraining Order was held before Judge Cheryl Elliott Thornton.  Judge Thornton granted the majority of the relief sought in the Petition for Temporary Restraining Order and set a hearing on the Petition for Temporary Injunction for June 14, 2024.  Before that hearing could be held, Defendants filed a Joint Notice of Removal on June 7, 2024.  [**Dkt. 1**].  On July 22, 2024, Meneses Law filed a Partial Motion to Dismiss [**Dkt. 16**], as well as its Answer and Counterclaim [**Dkt. 18**].

## LAW AND ARGUMENT

**A.    The TUTSA Does Not Preempt Counts V and VI of ALIL's Original Petition Because They Are Not Premised on Misappropriation of Trade Secrets, But Rather Misappropriation of Confidential Information.**

15.     Meneses Law challenges two ALIL claims at the pleading stage: Count V for unfair competition and Count VI for conversion under Texas common law.  Meneses Law's chief

complaint is that there is a "complete overlap" between ALIL's common law claims and claims under the TUTSA. (Mot. at 3-4). However, ALIL alleges throughout the Original Petition that Meneses Law has unlawfully taken and used ALIL's proprietary information which consists of a mix of trade secrets and confidential information. (*See, e.g.* Pet. ¶¶ 50-56).

16.    While all trade secrets are comprised of confidential information, not all confidential information qualifies as a trade secret. *See Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F.Supp.2d 598, 666 (S.D. Tex. 2010) ("Courts in Texas identify trade secrets, proprietary information, and confidential information separately"); *see also Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 158 (5th Cir. 2018) (finding a Louisiana statute similarly worded to the TUTSA did not preempt claims of misappropriation of confidential information, noting the difference between trade secrets and confidential information). Critically, common law claims related to misappropriation of confidential information are not preempted by the TUTSA. *See DHI Grp.*, 397 F. Supp. 3d at 923 ("The court fails to see how the plain language of the TUTSA's preemption provision can be read to preempt civil remedies for the misappropriation of information that is not a trade secret"); *see also Forum Energy Techs., Inc. v. Jason Oil & Gas Equip., LLC*, Case No. CV H-20-3768, 2022 WL 1103078, at *9 (S.D. Tex. Apr. 13, 2022) (denying motion to dismiss on preemption grounds where the common law claims "could have taken place without misappropriating trade secrets").

17.    To be sure, the common law claims in ALIL's Original Petition could be more artfully worded, and ALIL offered to make clarifications so that it was clear that Counts V and VI only related to misappropriated confidential information. However, the Motion states the incorrect position that the TUTSA preempts all common law claims related to misappropriation of confidential and proprietary information.

18.     The Fifth Circuit has readily dispatched of this overly broad application of the preemptory language when considering Louisiana's Uniform Trade Secrets Act—which is identical to the TUTSA in this regard. *Compare* TEX. CIV. P. & REM. CODE § 134A.007(a)-(b) *with* LA. STAT. § 51:1437. The Fifth Circuit, examining the plain language of the statute and accompanying commentary concluded, "[i]f confidential information that is not a trade secret is nonetheless stolen and used to the unjust benefit of the thief or detriment of the victim, then a cause of action remains . . . ." *See Brand Servs.*, 909 F.3d at 158. This narrow interpretation of the preemptory scope of the TUTSA is the leading interpretation in the Southern District of Texas as well. *See AMID*, 241 F. Supp. 3d at 825; *DHI Grp.*, 397 F. Supp. 3d at 923; *Forum Energy Techs*, 2022 WL 1103078, at *9. Therefore, Meneses Law is incorrect, and the common law claims are not preempted as they relate to confidential information. The Motion should be denied.

**B.     Dismissal of ALIL's Common Law Claims Is Premature Because They Are Pleaded In the Alternative, And Meneses Law Contests The Allegation that ALIL's Intellectual Property Constitutes Trade Secrets.**

19.     Importantly, Counts V and VI are pleaded in the alternative, a point that is completely lost on Meneses Law. Both Counts V and VI in ALIL's Original Petition begin: "Plaintiff pleads the following cause of action in the alternative . . . ." *See* Pet. ¶¶ 107, 114. FED. R. CIV. P. 8(e)(2) allows inconsistent, alternative pleadings. *See Parra*, 1995 WL 241730 at *4. At the pleading stage, it is thus inappropriate for a court to dismiss a well-pled alternative claim. *See, e.g., Banco Continental*, 406 F.2d at 513; *Galderma Lab.*, 2020 WL 10893186, at *6.

20.     *AMID* is instructive here. *AMID* involved a dispute between two competitors who both made medical-identification jewelry. *See AMID*, 241 F. Supp. 3d at 795. The plaintiff alleged that a former employee began working for the defendant, and subsequently, the defendant adopted plaintiff's marketing methods. *Id.* As part of its complaint, the plaintiff brought a claim under the TUTSA and a common law unfair competition claim based on alleged trade-secret

8

misappropriation. *Id.* The defendant moved to dismiss the common law claim, citing the TUTSA's preemption provision. The court denied the motion to dismiss, noting that the common law claims had been pleaded "under the theory that the misappropriated information was not a trade secret but was confidential." *Id.* at 827. Significantly, the court reached that conclusion because the defendant "denie[d] that the information at issue is a trade secret." *Id.* If the defendant was correct, the court reasoned, then the plaintiff could "recover on its tort claim without proving that the information [was] protected as a trade secret." *Id.*

21.     The issue before the Court raised by Meneses Law's Motion is analogous to the dispute litigated in *AMID*. As in *AMID*, ALIL alleges that Meneses Law has misappropriated a mix of trade secret and confidential information. (*See, e.g.* Pet. ¶¶ 50-56). And Meneses Law denies that any of the information at issue constitutes a trade secret. *See* Answer at ¶¶ 80-81, 89-90 (Dkt. 18). Therefore, unless Meneses Law is prepared to concede that ALIL's confidential and proprietary information qualify as trade secrets, dismissal is premature at this juncture. *See AMID*, 241 F. Supp. 3d at 827; *see also DHI Grp.,* 397 F. Supp. 3d at 923 (finding where the trade secret status of information was not yet established, the court could not make a determination on preemption). Accordingly, the Motion should be denied.

**C.     In the Unlikely Event ALIL's Claims Are Subject to Dismissal, ALIL Should Be Given The Opportunity To Replead in Accordance With That Ruling.**

22.     In the unlikely event that the Court finds that any of Plaintiffs' claims should be dismissed, it should grant ALIL leave to amend to replead in accordance with that ruling. *See, e.g.*, *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) ("[FED. R. CIV. P. 15(a)] requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."). More specifically, if it is the Court's preference that the words "trade

secrets" be stricken from Counts V and VI for those claims to proceed, ALIL respectfully requests leave to amend in accordance with the Court's preferences.

## CONCLUSION

23.    ALIL's common law claims are pleaded in the alternative and do not relate to trade secret information as defined in the TUTSA.  Accordingly, ALIL respectfully requests the Court deny Meneses Law's motion to dismiss, or in the alternative, grant ALIL leave to amend to replead in accordance with the Court's ruling.

Date: August 12, 2024,                          Respectfully submitted,

                                                 */s/ Pamela B. Linberg*
                                                Lauren Hope Whiting
                                                Texas Bar No. 24084091
                                                JACKSON LEWIS P.C.
                                                93 Red River Street, Suite 1150
                                                Austin, Texas 78701
                                                512.362.7408 [Telephone]
                                                512.362.5574 [Facsimile]
                                                Lauren.Whiting@jacksonlewis.com

                                                Pamela B. Linberg
                                                Texas Bar No. 00793299
                                                S.D. TX Bar No. 23981
                                                Nathaniel J. Higgins
                                                Texas Bar No. 24087720
                                                S.D. TX Bar No. 3277285
                                                JACKSON LEWIS P.C.
                                                717 Texas Avenue, Suite 1700
                                                Houston, Texas 77002
                                                713.650.0404 [Telephone]
                                                713.650.0405 [Facsimile]

                                                Kirsten R. Fraser (*Pro Hac Vice*)
                                                ORGAN LAW LLP
                                                1330 Dublin Road
                                                Columbus, Ohio 43215
                                                614.481.0900 [Telephone]
                                                614.481.0904 [Facsimile]
                                                kfraser@organlegal.com
                                                *Attorneys for Plaintiff Alexandra Lozano*
                                                *Immigration Law, PLLC*

10

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Counts V and VI of Plaintiff's Original Petition* on the following individuals and entities in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division, on August 12, 2024, and therefore it has been served upon all counsel of record in accordance with such e-filing protocols as follows:

Jason S. McManis, JMcManis@azalaw.com
Joseph Y. Ahmad, JoeAhmad@azalaw.com
Ahmad, Zavitsanos, & Mensing, PLLC
1221 McKinney, Ste. 2500
Houston, Texas 77010

Edwin Sullivan, ed@osattorneys.com
Oberti Sullivan LLP
712 Main Street, Suite 900
Houston, TX 77002

**Attorneys for Defendant, Meneses Law PLLC**

and

Ashish Mahendru, amahendru@thelitigationgroup.com
Mahendru, PC
639 Heights Blvd.
Houston, Texas 77007
**Attorneys for Defendant, Juan Pablo Diaz Cuenca**

*/s/ Pamela B. Linberg*
Pamela B. Linberg

11