

Ashish Mahendru
amahendru@thelitigationgroup.com
Darren A. Braun
dbraun@thelitigationgroup.com

639 Heights Boulevard
Houston, Texas 77007
www.thelitigationgroup.com

Toll Free: 866.558.8149
Telephone: 713.571.1519
Facsimile: 713.651.0776
Serving Clients Since 2001

August 21, 2024

Hon. Andrew S. Hanen
United States District Judge, Southern District of Texas
515 Rusk Street, Room 9110
Houston, Texas 77002

   Re: Cause No. 4:24-cv-02190 *Alexandra Lozano Immigration Law PLLC v. Juan Pablo Diaz Cuenca and Meneses Law, PLLC*

Dear Judge Hanen:

On behalf of Defendant Diaz, I am writing to bring your attention to a discovery dispute. The parties have participated in several video conferences and sent many emails in an attempt to resolve the dispute, but it remains outstanding. Defendant Diaz respectfully requests that the Court set a pre-motion conference in accordance with §8(A) of the Court's procedures. As discussed further below, Diaz respectfully requests the Court to overrule Plaintiff Alexandra Lozano Immigration Law, PLLC's ("ALIL") general and specific objections to Diaz's expedited requests for production and order ALIL to produce responsive documents so that the parties can properly participate in expedited depositions and prepare a response to ALIL's request for preliminary injunction.

*ALIL's General Objections.* ALIL asserted voluminous boilerplate "general objections." Boilerplate general objections are not permitted under the Federal Rules of Civil Procedure because objections must be made with "specificity." Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B). The Court should overrule all general objections.

*ALIL's Specific Objections to RFP No. 1.* ALIL, while accusing Diaz and Meneses of "misappropriating" information about how to operate an immigration law firm, boasts in its Motion for Preliminary Injunction that Ms. Lozano (ALIL's owner) earned "over $1.7 million from 2019-2021" alone educating "other immigration attorneys [on how to run an immigration firm] through her educational entity called Ally Lozano, LLC." (Dkt. 19 at 4). Accordingly, to discover what alleged "trade secret" information Lozano willingly thrust into the public realm, Diaz asked ALIL to produce "all promotional material, advertisements, powerpoints, outlines, educational materials, pamphlets, videos, or audio recordings" that were disseminated to other attorneys as part of this business. Aside from its boilerplate general objections, ALIL objected that the request was "overly broad in time and scope," "unduly burdensome," "not proportional to the needs of the case," "vague and ambiguous," and "not in ALIL's possession, custody, or control. The Court should overrule these objections.

*ALIL's Specific Objections to RFP No. 3.* In its pleadings, ALIL alleges that it has a "confidential growth strategy" to open immigration law offices in "cities with high-density immigrant populations." (*See* Rios Dec., ¶15, Dkt. 19-1). Likewise, ALIL claims that it had a trade-secret strategy to outsource some of its back-office operations to other countries, like Columbia, where labor is cheaper. *Id*. at ¶¶35-36. While it seems like common sense to open an immigration law office in cities with high immigrant populations, or to outsource certain tasks to other countries where labor is cheaper, Diaz nonetheless asked ALIL to produce copies of these strategies to disprove their status as trade secrets. Despite this being a trade-secret case where Defendants are alleged to have misused this exact information, ALIL objected that such information was "protected by the trade-secret privilege," and further asserted its general objections. The Court should overrule these objections.

*ALIL's Specific Objections to RFP No. 4.* In its Motion for Preliminary Injunction, ALIL claims that it hired a forensic examiner, ArcherHall, to create a forensic image of Diaz's former work computer and analyze Diaz's activity on that computer. (*See* Motion for PI, p. 13; Dkt. 19) (citing Ferreira Dec., ¶10; Dkt. 19-5). Carlos Ferreria, ALIL's in-house information-technology security "expert" and chief information officer, testifies vaguely as to the contents of ArcherHall's findings, stating that he has "personally reviewed the data provided to ALIL by ArcherHall," and that he has "been able to draw a few conclusions regarding Diaz's [forensic] activity in his final days with ALIL," including that Diaz—at some point while still working for ALIL—"appears" to have downloaded some documents related to client files to a thumbdrive" and "appeared" to have "take[n] screenshots" of other vague categories of information such as "training materials, client files, and internal dashboards." (Ferreira Dec. at ¶¶7-10). Ferreira was unable, however, to provide any non-conclusory testimony that such activities would not be part of Diaz's normal job responsibilities. Regardless, because ALIL's non-retained testifying "expert," Mr. Ferreira, is testifying as to forensic images and forensic reports created by ALIL's other "expert," ArcherHall, Diaz asked that he be given access to the same electronic device (along with any other information provided to ArcherHall) so Diaz can have his own forensic examiner image the device for further analysis. Diaz could then show, among other things, that the alleged forensic activities were no different than his typical activities on that computer, and that the alleged files accessed were not trade secret or of used outside of his employment with ALIL. Nonetheless, ALIL objected that the request is "overly broad, unduly burdensome, and not proportional," that it "seeks information protected by the attorney-client privilege," the attorney work product privilege," and the "trade-secret privilege," and that the information sought is "highly sensitive and not relevant to ALIL's claims and defenses." The Court should overrule these objections.

*ALIL's Specific Objections to RFP No. 7.* This request asks ALIL to produce communications and documents that describe what information went into the allegedly trade-secret, AI-populated <u>declarations</u> that ALIL filed in its immigration cases, which Diaz is somehow accused of misappropriating. The Court should overrule ALIL's "trade secret" objections.

        Sincerely,

        /s/ Ashish Mahendru
        Ashish Mahendru