IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC, <br><br> *Plaintiff*, <br><br> v. <br><br> JUAN PABLO DIAZ CUENCA <br><br> and <br><br> MENESES LAW, PLLC, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § Civil Action No. 4:24-cv-2190 |

**PLAINTIFF'S RESPONSES TO DEFENDANT JUAN PABLO DIAZ CUENCA'S FIRST REQUESTS FOR PRODUCTION**

Pursuant to the agreement of the parties and Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Alexandra Lozano Immigration Law, PLLC ("ALIL") hereby submits its responses and objections to Defendant Juan Pablo Diaz Cuenca's ("Diaz") First Requests for Production ("Requests").

**PRELIMINARY STATEMENT**

The responses and objections (the "Discovery Responses") to these Requests are made solely for the purpose of this litigation. They represent Plaintiff ALIL's diligent and best efforts to respond to the Requests based on its understanding of the Requests and the investigation that it has thus far been able to carry out in expedited fashion in connection with the facts relevant to this litigation. There may exist further information responsive to these Requests that is not within ALIL's present knowledge or reasonably available to it. There may exist documents relating to the subject matter of the Requests that ALIL has not yet located, identified, or reviewed, despite

its best efforts to do so. Accordingly, these Discovery Responses are based upon the facts and information now known to Plaintiff as well as its present analysis of this litigation, and do not constitute an admission or representation that additional facts or documents relevant to the subject matter of discovery do not exist.

As this litigation proceeds, ALIL anticipates that it may discover or identify other facts or documents. As such, ALIL reserves the right to alter, supplement, amend, or otherwise modify these responses in any way and at any time.

The fact that ALIL responded to any of the Requests is not an admission that it accepts the existence of facts set forth or assumed by the Requests, or that such Discovery Responses constitute admissible evidence. The fact that ALIL answered all or any part of any Request is not intended and shall not be construed to be a waiver of all or any part of any objection to the Request.

## **GENERAL OBJECTIONS TO THE REQUESTS**

1. ALIL objects to the Requests to the extent they seek disclosure of information which is protected by the trade secret privilege, the attorney-client privilege, the deliberative process privilege, the work-product doctrine, or any other privilege available under statutory, constitutional, or common law.

2. ALIL objects to the Requests to the extent they are overbroad, unduly burdensome, or seek information that is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence as to any claim or defense.

3. ALIL objects to the Requests to the extent they attempt or purport to impose obligations greater than those authorized or required by the Federal Rules of Civil Procedure, the Rules of the United States District Court, the Local Rules of the Southern District of Texas, the

Court's procedures, and/or any orders of this Court. To that end, all responses and answers will be in compliance with ALIL's obligations under that authority.

4. ALIL objects to the Requests to the extent they fail to set forth an applicable timeframe.

5. ALIL objects to the Requests to the extent they call for the disclosure of documents not in the possession, custody, or control of ALIL and/or to the extent the Requests attempt or purport to expand ALIL's obligation to supplement its responses under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Texas, the Court's procedures, and/or any order of this Court.

6. ALIL objects to the Requests to the extent they seek disclosure of information inconsistent with the Court's scheduling orders or pretrial orders.

7. ALIL objects to the Requests as unduly burdensome and oppressive insofar as they seek information or documents already in Diaz's possession, equally available to Diaz, or exclusively in the possession of Diaz.

8. ALIL objects to the Request to the extent they contain inaccurate or misleading statements, assume facts inaccurately, or reach inaccurate conclusions.

9. ALIL objects to the Requests as overbroad and unduly burdensome to the extent they seek "any" or "all" documents of a particular description or designation.

10. ALIL objects to the Requests to the extent they utilize undefined, incorrectly defined, improperly defined, vague, and/or ambiguous words or phrases.

11. ALIL objects to the Requests' "Definitions" to the extent they are legally or factually incorrect, inaccurate, ambiguous, or inconsistent with ALIL's understanding and common usage of such words or phrases.

12. These objections are incorporated into every discovery response, as if fully restated therein.

## FIRST REQUEST FOR PRODUCTION

1. For the past 10 years, provide copies of all promotional material, advertisements, powerpoints, outlines, educational materials, CLE materials, pamphlets, videos, or audio recordings that were shown to, given to, or offered to any person (attorney, paralegal, or otherwise) who attended various instructional sessions that Ms. Alexandra Lozano or other members of Lozano provided on the subject of immigration law, immigration legal strategy, business strategy, or legal strategy.

**RESPONSE:** In addition to its General Objections, ALIL objects to this Request because it is overly broad in time and scope, unduly burdensome, and not proportional to the needs of the case (particularly on an expedited basis and in relation to ALIL's Motion for Preliminary Injunction). Further, ALIL objects to the extent that the Request seeks documents not in ALIL's possession, custody, or control. The Request is also vague and ambiguous as to the phrase "instructional sessions." ALIL cannot determine whether Diaz is seeking documents that Ms. Lozano used on behalf of her educational entity, which are separate and apart from ALIL, or whether it is seeking educational materials that ALIL has used with its own employees.

2. Since 2019, agreements between Lozano, on the one hand, and Amig Lawyers, LLC, Ally Lozano, LLC, Quetzal International Services, which relate to those latter entities' provision of services on, or for, Lozano's behalf.

**RESPONSE**: Without waiving and subject to ALIL's General Objections, ALIL responds that it is not familiar with "Amig Lawyers, LLC," and that entity has no relation to ALIL nor is it an entity owned by Alexandra Lozano. Responding further, ALIL has no agreements with "Ally Lozano, LLC" as it is distinct and separate entity from ALIL. Without waiving and subject to the foregoing objections, ALIL will produce responsive and non-privileged documents that are found following a reasonable search on an expedited basis, following the Court's adoption and entry of the parties' Proposed Agreed Protective Order. ALIL reserves its right to supplement its production.

3. Copies of your (i) "confidential growth strategy to open larger regional offices in cities with high-density immigratant populations" [sic] as referenced in paragraph 15 of Ms. Amy Rios's declaration; and (ii) your "blueprint to open back offices in Latin America and front offices throughout the United States" as referenced in paragraph 36 in Amy Rios' declaration.

**RESPONSE:** In addition to its General Objections, ALIL objects to this Request to the extent it seeks confidential information and information that is protected by the attorney-client privilege and the attorney work product doctrine. ALIL further objects to this Request to the extent it seeks information protected by the trade-secret privilege. Without waiving and subject to the foregoing objections and General Objections, ALIL will produce responsive and non-privileged documents that are found following a reasonable search on an expedited basis, following the Court's adoption and entry of the parties' Proposed Agreed Protective Order. ALIL reserves its right to supplement its production.

4. All documents, electronic devices, and other materials that you provided to ArcherHall which they reviewed, considered, or relied upon in creating the reports referenced in the July 17, 2024 declaration of Mr. Carlos Ferreira.

**RESPONSE**: ALIL objects to this Request because it is overly broad, unduly burdensome, and is not proportional to the needs of the case (particularly on an expedited basis and in relation to ALIL's Motion for Preliminary Injunction). Further, ALIL objects to this Request to the extent it seeks information protected by the attorney-client privilege, and the attorney work product doctrine. ALIL further objects to this Request to the extent it seeks information protected by the trade-secret privilege. Finally, the Request seeks information that is highly sensitive and not relevant to ALIL's claims or Diaz's defenses.

5. The employment files of Diaz, Rodriguez, Sonia Peñarete, Melissa Toscano, Maria Monica Grillo, Juan David Arciniegas Parra, Julian Alejandro Rios Ramos, Gabriel Nieto, Valeria Candamil Buriticá, Daniel Ferreira, Gabriel Eduardo Butrago Cueto, Juan Martin Garcia, Juan Carvajal, Juan Murrilo, Natalia Martinez, Julian Cortes, Juan Guillermo Fernandez, and Sofia Culma, whether or not these individuals were employed by Lozano or an alleged affiliate of Lozano.

**RESPONSE:** In addition to its General Objections, ALIL objects to this Request because it seeks personal, confidential employment and/or identifying information of non-parties to this litigation. ALIL further objects to this Request to the extent it seeks information protected by the attorney-client privilege. Without waiving and subject to the foregoing objections, ALIL will produce responsive and non-privileged documents that are found following a reasonable search on an expedited basis, following the Court's adoption and entry of the parties' Proposed Agreed Protective Order with certain Personal Identifiable Information and medical information redacted for privacy reasons. ALIL reserves its right to supplement its production.

6. Documents on which you rely to support your contention that Diaz: "(a) targeted employees in key positions from ALIL and Quetzal; (b) approached ALIL's vendors in Colombia; and (c) apparently used ALIL's confidential business strategies and methodologies to scale Meneses Law's operations in Colombia and in the United States" as stated in paragraph 53 in Amy Rios's declaration.

**RESPONSE:** Without waiving and subject to the foregoing General Objections, ALIL responds that the documents relied upon to support Ms. Rios's declaration were attached as exhibits, and will be produced.

7. All internal communications that describe to the alleged "proprietary [Lozano] AI program" that Diaz allegedly described to Meneses employees, including communications and documents that (i) describe how the AI program was built, and (ii) what information was fed to generate the declarations.

**RESPONSE:** In addition to its General Objections, ALIL objects to this Request to the extent it seeks confidential and proprietary information and/or information protected by the trade-secret privilege. Without waiving and subject to the foregoing objections, ALIL will produce responsive documents that are found following a reasonable search on an expedited basis, following a reasonable search on an expedited basis, following the Court's adoption and entry of the parties' Proposed Agreed Protective Order. ALIL reserves its right to supplement its production.

Date: August 16, 2024                              Respectfully submitted,

    /s/ *Pamela B. Linberg*
Lauren Hope Whiting
Texas Bar No. 24084091
JACKSON LEWIS P.C.
93 Red River St., Ste. 1150
Austin, Texas 78701
512.362.7408 [Telephone]
512.362.5574 [Facsimile]
Lauren.Whiting@jacksonlewis.com

Pamela B. Linberg
Texas Bar No. 00793299
S.D. TX Bar No. 23981
Nathaniel J. Higgins
Texas Bar No. 24087720
S.D. TX Bar No. 3277285
Jackson Lewis P.C.
717 Texas Avenue, Suite 1700
Houston, TX 77002
713.650.0404 [Telephone]
713.650.0405 [Facsimile]
Pamela.Linberg@jacksonlewis.com
Nathaniel.Higgins@jacksonlewis.com

Kirsten R. Fraser (*Pro Hac Vice*)
Organ Law LLP
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900 [Telephone]
614.481.0904 [Facsimile]
kfraser@organlegal.com

*Attorneys for Plaintiff Alexandra Lozano Immigration Law, PLLC*

## CERTIFICATE OF SERVICE

      I certify that I served a copy of this document, Plaintiff's First Set of Discovery Responses was served on August 16, 2024 *via* email to the following counsels of record:

Jason S. McManis, JMcManis@azalaw.com
Joseph Y. Ahmad, JoeAhmad@azalaw.com
Ahmad, Zavitsanos, & Mensing, PLLC
1221 McKinney, Ste. 2500
Houston, Texas 77010

**Edwin Sullivan,** ed@osattorneys.com
Oberti Sullivan LLP
712 Main Street, Suite 900
Houston, TX 77002
**Attorneys for Defendant, Meneses Law PLLC**

Ashish Mahendru, amahendru@thelitigationgroup.com
Mahendru, PC
639 Heights Blvd.
Houston, Texas 77007
**Attorneys for Defendant, Juan Pablo Diaz Cuenca**

                                              */s/ Pamela B. Linberg*
                                              Pamela B. Linberg