# MAHENDRU P.C.

### THE LITIGATION GROUP

Ashish Mahendru
amahendru@thelitigationgroup.com
Darren A. Braun
dbraun@thelitigationgroup.com

639 Heights Boulevard
Houston, Texas 77007
www.thelitigationgroup.com

Toll Free: 866.558.8149
Telephone: 713.571.1519
Facsimile: 713.651.0776
Serving Clients Since 2001

August 22, 2024

Hon. Andrew S. Hanen
United States District Judge, Southern District of Texas
515 Rusk Street, Room 9110
Houston, Texas 77002

> Re: Cause No. 4:24-cv-02190 *Alexandra Lozano Immigration Law PLLC v. Juan Pablo Diaz Cuenca and Meneses Law, PLLC*

Dear Judge Hanen:

On behalf of Defendant Diaz, I am writing to request your intervention in another discovery dispute, and given the soon-to-be-expiring deadlines discussed below, I am requesting expedited consideration of these issues. The parties are in the midst of an accelerated agreed discovery and briefing schedule stemming from Plaintiff Alexandro Lozano Immigration Law PPLC ("ALIL") Motion for Preliminary Injunction [Dkt. 19].

## Specific Relief Requested and Conferral Attempts

Due to the discovery deficiencies raised in Defendants' respective August 21, 2024 letters to the Court, and due to ALIL's refusal to produce other responsive documents and information until the Court signs the parties agreed proposed protective order, Defendants respectfully request that the Court abate the discovery and briefing schedule to the allow the Court time to consider and resolve the discovery disputes.

Defendants conferred with ALIL via videoconference, and had further follow-up conferrals by emails the next day. To date, ALIL remains opposed to the requested relief.

## Substance of Dispute

Plaintiff Alexandro Lozano Immigration Law PPLC ("ALIL") filed its Motion for Preliminary Injunction on July 26, 2024 [Dkt. 19]. The parties then conferred and reached a scheduling agreement that, in sum, provides the following: (i) each party could ask 10 RFPs and 10 interrogatories, with responses due by August 16, 2024; (ii) the parties would take depositions of certain enumerated individuals/representatives between August 23 and September 13, 2024; (iii) the parties would designate their respective experts by September 2, 2024; and (iv) Defendants' response(s) to ALIL's motion would be due on September 23, 2024.

On August 13, 2024, to facilitate the exchange of discovery materials, the parties submitted an agreed Proposed Protective Order to the Court [Dkt. 26] that allows the parties to mark documents as confidential or attorney's eyes only.

The parties then proceeded with expedited written discovery.  On August 21, 2024, each Defendant submitted a discovery-dispute letter to the Court detailing ALIL's failure to produce responsive documents and its assertion of numerous boilerplate objections.  The Court set a deadline of August 28, 2024 for ALIL to respond to those letters.

Separately, ALIL—even to the extent it is *not* objecting to Defendants' discovery requests—is refusing to turnover responsive information because the Proposed Agreed Protective Order has not yet been signed by the Court, even though both Defendants agreed to treat the Proposed Agreed Protective Order as effective so as not to disturb the heavy, expedited discovery schedule.  ALIL is even refusing to provide unredacted interrogatory responses describing the specific confidential and/or trade secret documents or other information that Defendants allegedly took and/or used. (*See* ALIL's Redacted Interrogatory Responses; Ex. A) (redacting the entirety of its answer to Interrogatory Nos. 1, which asks ALIL to identify the alleged misappropriated trade secrets or documents containing those trade secrets).

Because ALIL refused to provide substantive discovery responses or productions, both on the basis of its unfounded objections and on the basis that the Proposed Agreed Protective Order is not yet signed, Defendants conferred with ALIL about staying the discovery schedule and the deadline for Defendants' response to the Motion for Preliminary Injunction until such time as the Court signed the Protective Order and ruled on the other pending discovery issues.  There is simply no way for the parties to engage in meaningful oral discovery or designate experts without substantive written discovery.  Moreover, because ALIL is so closely guarding its case due to the lack of a signed protective order, it would make no sense to conduct depositions because ALIL will simply instruct its witnesses not to answer questions about the alleged confidential or trade-secret information Defendants' allegedly used.

ALIL's rejected Defendants' request to stay the expedited-discovery schedule.

Accordingly, Defendants seek relief from this Court.  Defendants have done everything in their power to adhere to the expedited schedule as originally agreed to by the parties, but ALIL is declining to do the same.  Despite seeking onerous, accelerated injunctive relief from the Court, ALIL has so far refused to even specifically identify the alleged confidential or trade-secret information Defendants' took—a basic failure the Court should not look lightly upon.

Defendants respectfully request that the Court to abate the discovery and briefing scheduling until the Court has had a chance to consider and rule upon the outstanding discovery disputes, and until such time as ALIL has produced responsive document and information that it is currently withholding due to the lack of a signed protective order.


Sincerely,


 /s/ Ashish Mahendru
Ashish Mahendru