IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:24-cv-2190 |
| JUAN PABLO DIAZ CUENCA | § § | |
| and | § § | |
| MENESES LAW, PLLC, | § § | |
| *Defendants*. | § | |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO MENESES LAW PLLC'S FIRST
SET OF EXPEDITED INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to the agreement of the parties and Rules 33 and 34 of the Federal Rules of Civil

Procedure, Plaintiff Alexandra Lozano Immigration Law, PLLC ("ALIL") hereby submits its

responses and objections to Defendant Meneses Law, PLLC's ("Meneses Law") First Set of

Expedited Interrogatories and Requests for Production (collectively, "Discovery Requests").

**PRELIMINARY STATEMENT**

The responses and objections (the "Discovery Responses") to these Discovery Requests

are made solely for the purpose of this litigation. They represent Plaintiff ALIL's diligent and best

efforts to respond to the Discovery Requests based on its understanding of the Discovery Requests

and the investigation that it has thus far been able to carry out in expedited fashion in connection

with the facts relevant to this litigation. There may exist further information responsive to these

Discovery Requests that is not within ALIL's present knowledge or reasonably available to it.

There may exist documents relating to the subject matter of the Discovery Requests that ALIL has

**EXHIBIT A**

not yet located, identified, or reviewed, despite its best efforts to do so.  Persons may also exist with knowledge relating to the subject matter of the Discovery Requests of whom ALIL is not presently aware or whom ALIL has not interviewed.  Accordingly, these Discovery Responses are based upon the facts and information now known to Plaintiff as well as its present analysis of this litigation, and do not constitute an admission or representation that additional facts, documents, or witnesses having knowledge relevant to the subject matter of discovery do not exist.

As this litigation proceeds, ALIL anticipates that it may discover or identify other fact, documents, or witnesses.  As such, ALIL reserves the right to alter, supplement, amend, or otherwise modify these responses in any way and at any time.

Except for the explicit facts stated herein, no incidental admissions or admissions by omission are intended.  The fact that ALIL responded to any of the Discovery Requests is not an admission that it accepts the existence of facts set forth or assumed by the Discovery Requests, or that such Discovery Responses constitute admissible evidence.  The fact that ALIL answered all or any part of any Request is not intended and shall not be construed to be a waiver of all or any part of any objection to the Request.

## GENERAL OBJECTIONS TO THE REQUESTS ("GENERAL OBJECTIONS")

1.     ALIL objects to the Discovery Requests to the extent they seek disclosure of information which is protected by the trade-secret privilege, the attorney-client privilege, the deliberative process privilege, the work-product doctrine, or any other privilege available under statutory, constitutional, or common law.

2.     ALIL objects to the Discovery Requests to the extent they are overbroad, unduly burdensome, or seek information that is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence as to any claim or defense.

3.      ALIL objects to the Discovery Requests to the extent they attempt or purport to impose obligations greater than those authorized or required by the Federal Rules of Civil Procedure, the Rules of the United States District Court, the Local Rules of the Southern District of Texas, the Court's procedures, and/or any orders of this Court.  To that end, all responses and answers will be in compliance with ALIL's obligations under that authority.

4.      ALIL objects to the Discovery Requests to the extent they fail to set forth an applicable timeframe.

5.      ALIL objects to the Discovery Requests to the extent they call for the disclosure of documents not in the possession, custody, or control of ALIL and/or to the extent the Discovery Requests attempt or purport to expand ALIL's obligation to supplement its responses under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Texas, the Court's procedures, and/or any order of this Court.

6.      ALIL objects to the Discovery Requests to the extent they seek disclosure of information inconsistent with the Court's scheduling orders or pretrial orders.

7.      ALIL objects to the Discovery Requests as unduly burdensome and oppressive insofar as they seek information or documents already in Meneses Law's possession, equally available to Meneses Law, or exclusively in the possession of Meneses Law.

8.      ALIL objects to the Request to the extent they contain inaccurate or misleading statements, assume facts inaccurately, or reach inaccurate conclusions.

9.      ALIL objects to the Discovery Requests as overbroad and unduly burdensome to the extent they seek "any" or "all" documents of a particular description or designation.

10.     ALIL objects to the Discovery Requests to the extent they utilize undefined, incorrectly defined, improperly defined, vague, and/or ambiguous words or phrases.

11.    ALIL objects to the Discovery Requests' "Definitions" to the extent they are legally or factually incorrect, inaccurate, ambiguous, or inconsistent with ALIL's understanding and common usage of such words or phrases.

12.    These objections are incorporated into every discovery response, as if fully restated therein.

## EXPEDITED INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify, with specificity, the confidential information and/or trade secrets you allege Menses Law currently possesses or has improperly used, including identification of any documents containing such confidential information and/or trade secrets.

**ANSWER:**  In addition to its General Objections, ALIL objects to this Interrogatory as vague and ambiguous as to the phrases "confidential information" and "trade secrets" because they are undefined.  ALIL further objects because the Interrogatory is compound and is an impermissible attempt to exceed the ten interrogatory maximum agreed to by the Parties in the Agreed Motion for Expedited Discovery [**Dkt. 21**].  ALIL also objects to the extent this Interrogatory seeks information not in ALIL's possession, custody, or control, as Meneses Law is in a better position to identify what confidential information and trade secrets obtained from ALIL is in its possession.  Finally, ALIL objects to this Interrogatory because discovery is ongoing and ALIL is answering this Interrogatory on an expedited basis; as such, the information supplied below is ALIL's preliminary response and does not constitute the full scope of Meneses Law's misappropriation.  ALIL reserves the right to supplement its response to this Interrogatory.  Without waiving and subject to the foregoing objections, ALIL responds as follows:

**CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY**

**Confidential Information and Trade Secrets Misappropriated**



**Documents Meneses Law Has Misappropriated**



- REDACTED

**INTERROGATORY NO. 2:**        For each item of confidential information or trade secrets identified in response to Interrogatory No. 1, identify and describe each alleged use or disclosure to the detriment of ALIL or to Meneses Law's benefit.

**ANSWER:** In addition to its General Objections, ALIL objects to this Interrogatory as vague and ambiguous as to the phrases "confidential information" and "trade secrets" because they are undefined. ALIL further objects because the Interrogatory is compound and is an impermissible attempt to exceed the ten interrogatory maximum agreed to by the Parties in the Agreed Motion for Expedited Discovery [**Dkt. 21**]. ALIL also objects to the extent this Interrogatory seeks information not in ALIL's possession, custody, or control, as Meneses Law is in a better position to identify what confidential information and trade secrets obtained from ALIL is in its possession. Finally, ALIL objects to this Interrogatory because discovery is ongoing and ALIL is answering this Interrogatory on an expedited basis; as such, the information supplied below is ALIL's preliminary response and does not constitute the full scope of Meneses Law's misappropriation. ALIL reserves the right to supplement its response to this Interrogatory. Without waiving and subject to the foregoing objections, ALIL responds as follows:

**CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY (to the extent it incorporates in the information provided in response to Interrogatory 1.**

Before hiring Diaz, Meneses Law did not have any plans to employ business process outsourcing, let alone setting up operations in Colombia to support the firm's work in the United States. After hiring Diaz, Diaz disclosed all of the confidential information and trade secrets listed in Interrogatory No. 1 to Meneses Law. Meneses Law then used all of the confidential information and trade secrets listed in response to Interrogatory No. 1 to establish an office in Colombia, and staffed that office with former ALIL employees that it recruited away from ALIL. Further,

Meneses Law did not have any plans to incorporate AI software into its operations—and actually rejected a suggestion to do so—prior to hiring Diaz. After hiring Diaz, Meneses Law turned to Diaz reverse-engineer ALIL's proprietary declaration generating solution using AI. In doing so, Meneses Law benefitted from the time and investment made into ALIL's intellectual property, without having to make the same investment, to scale its operations and increase revenues.

**INTERROGATORY NO. 3:**       Identify, with specificity, the business opportunities or relationships, including any employment relationships or contracts, that you contend Meneses Law has interfered with or has otherwise usurped from you.

**ANSWER:** In addition to its General Objections, ALIL objects to this Interrogatory as vague and ambiguous as to the phrase "business opportunities" because it is undefined and is unclear in context. ALIL also objects to this Interrogatory because discovery is ongoing and ALIL is answering this Interrogatory on an expedited basis; as such, the information supplied below is ALIL's preliminary response and does not constitute the full scope of Meneses Law's misappropriation. ALIL reserves the right to supplement its response to this Interrogatory. Without waiving and subject to the foregoing objections, ALIL responds as follows:

    Meneses Law has interfered with:

- Restrictive Covenant Agreement between Diaz and ALIL, dated August 14, 2023;
- Separation Agreement and General Release between Diaz and ALIL, dated November 17, 2023;
- Restrictive Covenant Agreement between Laura Catalina Rodriguez an ALIL, dated August 28, 2023
- Separation Agreements between ALIL and its Quetzal International Services employees, to the extent those employees have disclosed ALIL's confidential information and/or trade secrets to Meneses Law.

**INTERROGATORY NO. 4:**       Describe the complete factual basis for your contention that the phrase "arreglar sin salir" has obtained a secondary meaning in the marketplace and is commonly associated with Lozano and ALIL.

**ANSWER:** In addition to its General Objections, ALIL objects to this Interrogatory because it calls for a legal conclusion; namely, "secondary meaning" is a legal standard, the test for which is

developed in caselaw.  ALIL also objects to this Interrogatory because discovery is ongoing and ALIL is answering this Interrogatory on an expedited basis; as such, the information supplied below is ALIL's preliminary response and does not constitute the full factual basis to support ALILs' arguments regarding the likelihood of confusion test.  ALIL reserves the right to supplement its response to this Interrogatory. Without waiving and subject to the foregoing objections, ALIL responds as follows:  In online activity, ALIL is referred to as the "arreglar sin salir!" attorneys by ALIL's peers and clients, rather than by name.  In fact, Spanish speaking clients regularly use that phrase in connection with ALIL's services, which is not a natural phrase to use in Spanish when conveying that someone fixed their papers without leaving the United States.

**INTERROGATORY NO. 5:**        Describe the complete factual basis for your contention that there is a likelihood of confusion based on Meneses Law's use of the phrase "arreglar sin salir" including any instances of actual confusion.

**ANSWER:**  In addition to its General Objections, ALIL objects to this Interrogatory because it calls for a legal conclusion; namely, "likelihood of confusion" is a legal standard, the test for which is developed in caselaw.  ALIL also objects to this Interrogatory because discovery is ongoing and ALIL is answering this Interrogatory on an expedited basis; as such, the information supplied below is ALIL's preliminary response and does not constitute the full factual basis to support ALILs' arguments regarding the likelihood of confusion test.  ALIL reserves the right to supplement its response to this Interrogatory. Without waiving and subject to the foregoing objections, ALIL responds as follows:  As described in Response to Interrogatory No. 4, the mark has obtained a secondary meaning in the market for legal services.  Meneses Law is using the exact phrase "arreglar sin salir" in its advertising materials to market legal services.  ALIL and Meneses Law are in the business of providing immigration legal services specifically humanitarian immigration relief.  Both ALIL and Meneses Law serve the same population of clients, nationwide.

Both ALIL and Meneses Law use the "ARREGLAR SIN SALIR!" mark in marketing materials. Meneses Law's intent to benefit from ALIL's goodwill by using the mark is self-evident; Meneses Law copies not only the text, but also the look and feel of ALIL's marketing material to benefit from the goodwill ALIL created. Finally, undocumented immigrants take great care in choosing counsel, and put large emphasis on the ability to stay in the United States while obtaining legal status; therefore, misappropriation of ALIL's mark could easily lead to confusion.  Further, the mark is registered with the USPTO as a Service Mark under International Class 45 for "Legal Services."

## **EXPEDITED REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**    Produce all documents or reports provided by ArcherHall related to ArcherHall's forensic analysis of Diaz's ALIL computer, including but not limited to, ArcherHall's preliminary and follow-up results from July 1, 2024 and July 17, 2024, as well as any subsequent analyses or reports done by ArcherHall.

**RESPONSE:**  In addition to its General Objections, ALIL objects to this Request to the extent it seeks documents protected by the trade-secret privilege, attorney-client privilege, and/or the attorney work product doctrine.  Without waiving and subject to the foregoing objections, ALIL will produce documents responsive to this request following the Court's adoption and entry of the parties' Proposed Agreed Protective Order.

**REQUEST NO. 2:**    Produce all documents and communications reviewed and relied upon by each declarant in support of your Motion for Preliminary Injunction, filed on 7/26/2024, including, but not limited to, Amy Rios, Nicolas Herrera, Simran Maan, and Carlos Ferreira.

**RESPONSE:**  In addition to its General Objections, ALIL objects to this Request to the extent it seeks documents protected by the trade-secret privilege, attorney-client privilege, and/or the attorney work product doctrine.  ALIL also objects to the extent this request seeks information that is not in the custody or control of ALIL.  Without waiving and subject to the foregoing objections,

ALIL responds that the documents relied upon by the declarants in making their declarations were

attached to the declarations as exhibits, and will be produced.

**REQUEST NO. 3:**   Produce all documents, policies, or training materials relating to ALIL's
protection of confidential information or trade secrets.

**RESPONSE:**  Without waiving and subject to ALIL's General Objections, ALIL will produce

documents responsive to this Request that are found following a reasonable search on an expedited

basis, reserving its right to supplement its production, and following the Court's adoption and entry

of the parties' Proposed Agreed Protective Order.

**REQUEST NO. 4:**   Produce all documents to substantiate the date of first use of the phrase
"Arreglar Sin Salir!" of which ALIL filed a trademark (U.S. Patent and Trademark Office Serial
No. 97504788, registered on April 11, 2023).

**RESPONSE:**  Without waiving and subject to ALIL's General Objections, ALIL will produce

documents responsive to this Request that are found following a reasonable search on an expedited

basis, reserving its right to supplement its production.

**REQUEST NO. 5:**   Produce all documents, including any surveys, supporting your contention
that the phrase "arreglar sin salir" has obtained a secondary meaning in the marketplace associated
with Lozano and ALIL.

**RESPONSE:**  Without waiving and subject to ALIL's General Objections, ALIL will produce

documents responsive to this Request that are found following a reasonable search on an expedited

basis, reserving its right to supplement its production.

**REQUEST NO. 6:**   Produce a complete bit for bit forensic image of all Electronic Storage
Locations on which you allege Diaz accessed any ALIL information, including but not limited to
any laptops, cell phone, tablets, or external storage devices (i.e., USB drive), including,
specifically, any forensic images provided to (or created by) ArcherHall.

**RESPONSE:**  In addition to its General Objections, ALIL objects to this Request because it is

overly broad, unduly burdensome, and is not proportional to the needs of the case (particularly on

an expedited basis and in relation to ALIL's Motion for Preliminary Injunction).  Further, ALIL

objects to this Request to the extent it seeks information protected by the trade-secret privilege, the attorney-client privilege, and the attorney work product doctrine. Finally, the Request seeks information that is highly sensitive and not relevant to ALIL's claims or Meneses Law's defenses.

**REQUEST NO. 7:** Produce all documents demonstrating any actual confusion of customers from Meneses Law's use of the phrase "arreglar sin salir."

**RESPONSE:** Without waiving, and subject to ALIL's General Objection, ALIL responds that following a reasonable search on an expedited basis, ALIL has not found responsive documents in its custody, control, or possession. ALIL reserves the right to supplement its response as discovery continues.

**REQUEST NO. 8:** Produce documents sufficient to show all individuals or companies that ALIL has consulted for, offered training to, provided seminars for, or otherwise helped with in advising on immigration law or running an immigration law business, and any materials showed to or provided to such individuals or companies (e.g., the training ALIL provided to Christine Meneses and trainings referenced in your Original Petition at ¶¶ 20, 21).

**RESPONSE:** Without waiving, and subject to ALIL's General Objections, ALIL responds that ALIL does not consult for, offer training to, provide seminars for, or otherwise help other individuals or companies in advising on immigration law or running an immigration law business, nor did ALIL provide training to Christine Meneses.

**REQUEST NO. 9:** Produce all marketing materials that you contend Meneses Law imitates. See Original Petition ¶ 49.

**RESPONSE:** In addition to its General Objections, ALIL objects to this request because it is vague an ambiguous as to the phrase "marketing materials" because it is unclear whether Meneses Law is referring to Meneses Law's infringing materials—which are in the possession, custody, and control of Meneses Law, not ALIL—or ALIL's marketing materials that Meneses Law imitates. Without waiving and subject to the foregoing objections, ALIL responds that it will

produce documents responsive to this Request that are found following a reasonable search on an

expedited basis, reserving its right to supplement its production.

**REQUEST NO. 10:** Produce documents sufficient to show your business relationship or opportunity with the individual(s) (including each employee(s)) or company(ies) you identified in response to Interrogatory No. 3.

**RESPONSE:** Without waiving and subject to ALIL's General Objections, ALIL will produce

documents responsive to this Request that are found following a reasonable search on an expedited

basis, reserving its right to supplement its production, and following the Court's adoption and entry

of the parties' Proposed Agreed Protective Order.

Date: August 16, 2024                  Respectfully submitted,

                                    */s/ Pamela B. Linberg*
                                    Lauren Hope Whiting
                                    Texas Bar No.  24084091
                                    JACKSON LEWIS P.C.
                                    93 Red River St., Ste.  1150
                                    Austin, Texas 78701
                                    512.362.7408 [Telephone]
                                    512.362.5574 [Facsimile]
                                    Lauren.Whiting@jacksonlewis.com

                                    Pamela B. Linberg
                                    Texas Bar No. 00793299
                                    S.D. TX Bar No. 23981
                                    Nathaniel J. Higgins
                                    Texas Bar No. 24087720
                                    S.D. TX Bar No. 3277285
                                    Jackson Lewis P.C.
                                    717 Texas Avenue, Suite 1700
                                    Houston, TX 77002
                                    713.650.0404 [Telephone]
                                    713.650.0405 [Facsimile]
                                    Pamela.Linberg@jacksonlewis.com
                                    Nathaniel.Higgins@jacksonlewis.com

                                    Kirsten R.  Fraser (*Pro Hac Vice*)
                                    Organ Law LLP
                                    1330 Dublin Road
                                    Columbus, Ohio 43215

614.481.0900 [Telephone]
614.481.0904 [Facsimile]
kfraser@organlegal.com

*Attorneys for Plaintiff Alexandra Lozano*
*Immigration Law, PLLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of this document, Plaintiff's First Set of Discovery Responses was served on August 16, 2024 *via* email to the following counsels of record:

Jason S. McManis, JMcManis@azalaw.com
Joseph Y. Ahmad, JoeAhmad@azalaw.com
Ahmad, Zavitsanos, & Mensing, PLLC
1221 McKinney, Ste. 2500
Houston, Texas 77010

**Edwin Sullivan,** ed@osattorneys.com
Oberti Sullivan LLP
712 Main Street, Suite 900
Houston, TX 77002
**Attorneys for Defendant, Meneses Law PLLC**

Ashish Mahendru, amahendru@thelitigationgroup.com
Mahendru, PC
639 Heights Blvd.
Houston, Texas 77007
**Attorneys for Defendant, Juan Pablo Diaz Cuenca**

*/s/ Pamela B. Linberg*
Pamela B. Linberg