IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | |
|---|---|
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC,<br>    *Plaintiff*,<br>  v.<br><br>JUAN PABLO DIAZ CUENCA and MENESES LAW, PLLC<br><br>    *Defendants*. | §<br>§<br>§<br>§   Civil Action No. 4:24-cv-02190<br>§<br>§<br>§<br>§<br>§ |

**MENESES LAW, PLLC'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT V AND COUNT IV OF PLAINTIFF'S ORIGINAL PETITION**

Plaintiff's response premised on alternative pleading misses the mark for two central reasons. First, Plaintiff does not separately identify the trade secret information from the confidential information supporting its causes of action in its Complaint. Second, courts in Texas have specifically rejected Plaintiff's argument that they may "plead in the alternative."

**ARGUMENT**

**A. Plaintiff does not separately identify the trade secret information from the confidential information supporting its causes of action in its Complaint**

In its Complaint, Plaintiff interchangeably refers to confidential information and trade secret information as though it is the same bundle of information. Indeed, in pleading each of its causes of action, whether it be its Texas Uniform Trade Secrets Act ("TUTSA") claim or its common law claims, Plaintiff simply refers to both confidential information and trade secrets. In other words, Plaintiff (1) never distinguishes which information falls within the trade secret category versus the confidential information bucket and (2) never limits certain of its causes of action to only trade secrets or only confidential information. Hence, in its Complaint, Plaintiff

1

EXHIBIT A

alleged the same misappropriation of trade secret facts to support its common law claims. *See Embarcadero Techs., Inc. v. Redgate Software, Inc.,* No. 1:17-CV-444-RP, 2018 WL 315753 at *2 (W.D. Tex. Jan. 5, 2018) (civil remedies are preempted when they are "based on the same underlying facts as [a plaintiff's] [Texas Uniform Trade Secrets Ac] claim."); *see also WeInfuse, LLC v. InfuseFlow, LLC,* No. 3:20-CV-1050-L, 2021 WL 1165132, at *7 (N.D. Tex. Mar. 26, 2021).

Moreover, each case cited by Plaintiff in its response differentiated confidential information versus trade secret information and separated the causes of action to apply only to one bucket of information. For example, in *Forum Energy*, the plaintiff limited its Defend Trade Secrets Act ("DTSA") and TUTSA claims to trade secret information and otherwise sought relief under the common law for only confidential information (not trade secrets). Since Plaintiff has not separated the information that falls into the trade secret bucket and the confidential information bucket and has sought relief under the common law for both confidential information and trade secrets, Plaintiff's common law claims are preempted by TUTSA.[1]

**B. Courts in Texas have specifically rejected Plaintiff's argument that they may "plead in the alternative."**

As cited in Meneses Law's motion to dismiss, TUTSA prevents "inconsistent theories of relief for the same underlying harm by eliminating ***alternative theories*** of common-law recovery which are premised on the misappropriation of a trade secret." *Super Starr International, LLC v. Fresh Tex Produce, LLC,* 531 S.W.3d 829, 843 (Tex. App.—Corpus Christi, 2017) (emphasis added). Plaintiff's reliance on *AMID* is misguided and, instead, *AMID* supports dismissal of Plaintiff's Count V and VI. Indeed, *AMID* stands for the proposition that a party may only plead

---

[1] At a minimum, Plaintiff should be forced to replead its claims and specifically delineate between its trade secrets and its confidential information, if Plaintiff intends to maintain both claims.

common law claims in the alternative if such common law claims are limited to relief related to confidential information. In *AMID*, AMID specifically distinguished between trade secrets and confidential information in pleading its TUTSA claim and its other common law claims: "[t]he difference is that in its common-law unfair-competition claim, AMID did not allege the information was protected as trade secrets." *AMID, Inc. v. Medic Alert Found. U.S., Inc.,* 241 F. Supp. 3d 788 (S.D. Tex. 2017). Here, in each of its common law claims, Plaintiff identifies that it seeks relief related to information deemed trade secrets:

- Count V: "It developed . . . the confidential information and **trade secrets** described in this Petition." DKT 1-4 Par. 108 (emphasis added).

- Count VI: "Diaz . . . nevertheless continues to work for a direct competitor of ALIL in a role that necessarily requires hi[m] to utilize, if not disclose, ALIL's confidential information and **trade secrets**" DKT 1-4 Par. 117 (emphasis added).

Plaintiff's failure to separately limit its DTSA and TUTSA claims to trade secrets and its common law claims to confidential information means TUTSA preempts Plaintiff's common law claims. Pleading in the alternative does not save Plaintiff.

## CONCLUSION

Meneses Law requests the Court to dismiss Plaintiff's Count V and VI from the Complaint.

Dated: August 23, 2024	Respectfully submitted,

*/s/ Jason S. McManis*
Joseph Y. Ahmad
State Bar No. 00941100
Federal ID: 11604
joeahmad@azalaw.com
Jason S. McManis
State Bar No. 24088032
Federal ID: 3138185
jmcmanis@azalaw.com
Michael Killingsworth
State Bar No. 24110089
Federal ID: 3372610
mkillingsworth@azalaw.com
1221 McKinney, Suite 2500
Houston, Texas 77010
Phone: (713) 655.1101
Fax: (713) 655.0062

**ATTORNEY FOR DEFENDANT MENESES LAW FIRM PLLC**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 23, 2024, a true and correct copy of the above and foregoing document was filed electronically and provided to all counsel of record through the CM/ECF system.

                                   */s/ Jason S. McManis*
                                   Jason McManis