United States District Court
Southern District of Texas
**ENTERED**
August 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:24-cv-2190 |
| JUAN PABLO DIAZ CUENCA | § § § | |
| and | § § | |
| MENESES LAW, PLLC | § § § | |
| *Defendants*. | § | |

## AGREED PROTECTIVE ORDER

1. This Standard Protective Order shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal Rules of Civil Procedure governing disclosure and discovery.

2. Information, documents, and other materials may be designated by the producing party in the manner permitted ("the Designating Person"). All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third-party in this action.

3. "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

4. "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure, in any capacity, to a competitor could result in significant competitive or commercial disadvantage to the designating party.

5. Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

a. *Parties*: Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement.

b. *Witnesses or Prospective Witnesses*: Material designated "CONFIDENTIAL" may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness. Material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may only be disclosed to a witness or prospective witness of the party that produced the "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

c. *Outside Experts*: Designated Material, including material designated "CONFIDENTIAL -ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

d. *Counsel*: Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed only to counsel of record for parties to this action and their associates, paralegals, and regularly employed office staff.

e. *Court*: Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to the Court, including any clerk, stenographer, or other person having access to the Designated Material by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions. The party intending to disclose material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall provide notice to the designating party prior to disclosure. Upon receiving such notice, the designating party shall have the option of having the designated material filed under seal prior to disclosing the materials in the Court.

f. *Other Persons*: Designated Material may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

6. The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(b) and (c) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

7. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

8. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

9. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way. For documents produced in native format (e.g., Excel, PowerPoint, or any other native format), such designation shall be made by including the words "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" in the filename.

10. The parties will use reasonable care to avoid designating as confidential documents or information that do not qualify for treatment as Designated Material under this Protective Order.

11. A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

12. Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within thirty (30) days after the Designating Person's receipt of the final official transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the thirty (30) days, the deposition transcript shall be treated as Designated Material. When testimony

is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

13. If it becomes necessary to file Designated Material with the Court, the party who designated the information must move for the Designated Material to be filed under seal after proper notice has been provided by the party seeking to file the Designated Material to the designating party. Until the Court has ruled on such a motion, the Designated Material shall not be filed publicly, but shall be kept under seal.

14. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

15. Upon final termination of this action, all Designated Material and copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed. With the exception of all Designated Material produced by the Parties, which shall be returned or certified as destroyed as detailed herein, outside counsel shall be permitted to retain a copy of the case file for their records.

16. Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

17. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of

establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) comport themselves with the applicable provisions of the Rules of Professional Conduct.

18. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

19. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED.

SIGNED on August 22, 2024

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

I, _____, agree that the information or documents designated "Confidential," or any documents that refer to, relate to, concern, or otherwise evidence any information or documents designated "Confidential" (collectively the "Confidential Material"), in *Alexandra Lozano Immigration Law, PLLC v. Juan Pablo Diaz Cuenca and Meneses Law, PLLC,* Civil Action No. 4:24-cv-2190, is received by me pursuant to the terms, conditions, and restrictions of the Consent Confidentiality Agreement regarding Confidentiality, entered into by the parties to the above-referenced action, through their respective counsel.

I hereby certify that I have received a copy of and have read, understand, and expressly agree to be bound by the terms and conditions of the Confidentiality Agreement in consideration for receiving the Confidential Material. I agree that I shall not disclose to others, except in accordance with the Confidentiality Agreement, such Confidential Material, or any part thereof, and that such Confidential Material shall only be used for the purposes of this legal proceeding. I further agree that upon Notice of Termination of this legal proceeding or other proper notice I will destroy all Confidential Materials. I agree and attest to my understanding that my obligation to honor the confidentiality of the Confidential Materials will continue even after the termination of this legal proceeding.

By: _____

Print Witness Name:_____

Dated: _____