United States District Court
Southern District of Texas
**ENTERED**
February 25, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDRA LOZANO IMMIGRATION LAW, PLLC, *Plaintiff,* VS. MENESES LAW FIRM PLLC; JUAN PABLO DIAZ CUENCA, *Defendants.* | § § § § § § § § § § | CIVIL ACTION NO. 4:24-CV-2190 |

ORDER

Pending before this Court is Defendant Meneses Law Firm PLLC's ("Defendant," or "Meneses Law") 12(b)(6) Motion to Dismiss Plaintiff's Counts V & IV. (Doc. No. 16). Plaintiff filed a response, (Doc. No. 24), and Meneses Law replied. (Doc. No. 42). Also before the Court is Plaintiff Alexandra Lozano Immigration Law PLLC's ("Plaintiff," or "ALIL") Motion to Dismiss Meneses Law's Counterclaims. (Doc. No. 25). Meneses Law filed a response. (Doc. No. 37). ALIL filed no reply. Having considered the motions and the relevant pleadings, the Court **GRANTS** Meneses Law's Motion to Dismiss, (Doc. No. 16), and therefore **DISMISSES** Plaintiffs' Counts V & VI. Further, the Court **DENIES** ALIL's Motion to Dismiss as moot. (Doc. No. 25).

I. **Background**

This is a trade secrets case in which Plaintiff ALIL sued Defendants Meneses Law and Juan Pablo Diaz Cuenca ("Diaz") for the alleged misappropriation of trade secrets, including proprietary information that was "key to ALIL's success as an immigration law practice." (Doc. No. 1-4 at 1). ALIL is an immigration law firm based in Tukwila, Washington. (*Id.* at 2). Defendant Diaz is a former employee of ALIL who now works as the Senior Operations Manager at Meneses

Law. (Doc. No. 2–3). Defendant Meneses Law is a law firm based in Houston, Texas that also practices immigration law. (*Id.* at 3).

ALIL alleges that Alexandra Lozano, its founder, pioneered a niche practice through the use of VAWA visas and T visas to help undocumented immigrants obtain legal status in the United States. (*Id.* at 5). Among other things, Lozano founded an educational entity, Ally Lozano, LLC, in order to teach her legal strategies to others seeking to expand and improve their immigration law practices. (*Id.* at 6). In February of 2021, ALIL began an operation in Bogota, Colombia, which has now grown to over 400 employees. (*Id.*). ALIL developed new proprietary systems and operations software allowing it to grow exponentially and provide services on a nationwide scale. (*Id.*). ALIL also alleges that Diaz stole confidential information that qualified as a trade secret under the UTSA and TUTSA. These "trade secrets" included proprietary systems and software that were kept confidential, even from most ALIL employees. Moreover, ALIL utilizes confidentiality agreements to protect its trade secrets and proprietary information. (*Id.* at 9).

ALIL alleges that Diaz rose to a senior position within ALIL, and quickly gained the trust of Lozano. (*Id.* at 10). Eventually, Diaz was terminated for allegedly "abus[ing] his position within ALIL," when he "acted inappropriately with subordinate employees." (*Id.* at 11). ALIL alleges that Meneses Law hired Diaz to gain access to the proprietary information that Diaz stole from ALIL. (*Id.* at 13). Finally, ALIL alleges that Meneses Law's has imitated ALIL's advertising materials, used ALIL's trade secrets to compete with ALIL, and has improperly taken business away from ALIL. (*Id.* at 16–19).

Before the Court at this time are dueling motions to dismiss filed by ALIL and Meneses Law. (Doc. Nos. 24; 16). Meneses Law's motion argues that ALIL's non-contractual tort law claims are preempted by the preemption provision of the Texas Uniform Trade Secrets Act. (Doc.

No. 16). ALIL argues in response that the tort claims are pleaded in the alternative to the TUTSA claim, and therefore should not be dismissed at this stage. (Doc. No. 24).

ALIL moved to dismiss Meneses Law's counterclaims as "redundant" because the counterclaims merely seek declarations that ALIL's claims have no merit. (Doc. No. 25). In response, Meneses Law's sole argument is that its Amended Answer and Counterclaims, (Doc. No. 36), renders ALIL's motion moot. (Doc. No. 37).

## II. Legal Standard

A defendant, or Plaintiff who is the subject of a counterclaim, may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 609 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual

3

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

*A. Meneses Law's Motion to Dismiss ALIL's Counts V & VI as Preempted by TUTSA*

The Court first takes up Meneses Law's argument that ALIL's Counts V and VI are preempted by the TUTSA claims. ALIL's pleading contains seven causes of action: (I) breach of contract; (II) Federal Misappropriation of Trade Secrets; (III) Misappropriation of Trade Secrets under the Texas Uniform Trade Secrets Act (TUTSA); (IV) Tortious Interference with a Contract; (V) Unfair Competition; (VI) Misappropriation/Conversion of Confidential Information; and (VII) False Designation of Origin. (Doc. No. 1-4 at 20–29). In its motion to dismiss, Meneses Law only moves to dismiss counts five and six, the common law tort claims, based on TUTSA's statutory preemption provision. (Doc. No. 16 at 1). As ALIL has pleaded both TUTSA claims and common law tort claims, the question presented to the Court is whether TUTSA necessarily preempts these claims, or whether ALIL may plead common law claims in the alternative to the TUTSA claims.

TUTSA's preemption provision provides that the statute "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." TEX. CIV. PRAC. & REM. CODE § 134A.007(a). Exempted from the preemption provision are contractual remedies—remedies not based on misappropriation of trade secrets, and criminal remedies. *Id.* §§ 134A.007(b)(1)–(3). The purpose of TUTSA's preemption provision is to "prevent inconsistent theories of relief for the same underlying harm by eliminating alternative theories of common law recovery which are premised on the misappropriation of a trade secret." *E.g.*, *ScaleFactor, Inc. v. Process Pro Consulting, LLC*, 394 F. Supp. 3d 680, 684 (W.D. Tex. 2019) (quoting *Super Starr Int'l, LLC v. Fresh Tex. Produce, LLC*, 531 S.W.3d 829, 843 (Tex. App.—

4

Corpus Christi 2017, no pet.)). Here, the question is whether Unfair Competition and Misappropriation/Conversion of Confidential Information—the causes of action in Counts V & VI—are "based upon the misappropriation of a trade secret" as defined by TUTSA. ALIL argues that they are not preempted because they were pleaded in the alternative, only to be considered if the trade secrets claimed were not found to qualify as trade secrets.

"Texas courts have provided little guidance on the scope of TUTSA's preemption provision, [but] the majority of courts considering this issue . . . have held that TUTSA preempts all claims based on 'the alleged improper taking of trade secret <u>and confidential business information</u>.'" *BKL Holdings, Inc. v. Globe Life Inc.*, 660 F. Supp. 3d 602, 609 (E.D. Tex. 2023) (citations omitted) (emphasis added). The cases analyzing TUTSA's preemption provision focus primarily on the extent to which the asserted non-TUTSA state law claims are premised on the alleged use of trade secrets. *See, e.g., StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*, 426 F. Supp. 3d 311, 339 (E.D. Tex. 2019) ("Because this claim is based on the alleged taking of Plaintiffs' purported trade secret, it is also preempted by TUTSA . . . ."); *Title Source, Inc. v. HouseCanary, Inc.*, 612 S.W.3d 517, 533 (Tex. App.—San Antonio 2020, pet. denied) ("When the gravamen of a common law claim duplicates a TUTSA claim, the common law claim is preempted."). Thus, "the central question is whether 'the factual basis of the common law claim, as pleaded, would not exist 'without the use of alleged trade secrets.'" *Thomas v. Joule Processing LLC*, No. 23-cv-1615, 2023 WL 8437634, at *4 (S.D. Tex. Dec. 5, 2023) (quoting *Title Source, Inc.*, 612 S.W.3d at 533).

On the other hand, when a claim alleges facts that go beyond the mere misappropriation of a trade secret or the plaintiff seeks redress for harms "beyond those covered in the definition of 'misappropriation,'" a plaintiff's claim is not preempted even if it implicates the use of business

5

information or trade secrets. *See Philips N. Am. LLC v. Image Tech. Consulting, LLC*, No. 22-cv-147, 2022 WL 17168372, at *5 (N.D. Tex. Nov. 21, 2022) ("[T]he Court also doubts the Texas legislature intended for TUTSA to become a plaintiff's sole remedy whenever the allegations somehow touch on business information or trade secrets.").

Texas courts are split, however, on whether TUTSA preemption extends beyond claims for misappropriation of trade secrets to preclude any claims related to misappropriation of confidential information that may not necessarily qualify as a uniform trade secret. At least some courts have held that TUTSA does *not* preempt common law claims that do not require findings of trade secrets. These cases have primarily permitted such claims to proceed because a plaintiff "could lose its misappropriation claim yet still recover for tortious interference." *AMID, Inc. v. Medic Alert Found. United States, Inc.*, 241 F. Supp. 3d 788, 826 (S.D. Tex. 2017) (citing *Smithfield Ham & Prod. Co. v. Portion Pac, Inc.*, 905 F. Supp. 346, 349 (E.D. Va. 1995)). In addition, at least one intermediate Texas court has held that TUTSA preempts *only* those claims that require a finding of trade secrets. *Reynolds v. Sanchez Oil & Gas Corp.*, No. 01-18-00940-CV, 2023 WL 8262764, at *18 (Tex. App.—Houston [1st Dist.] Nov. 30, 2023, no pet.).

Nevertheless, the great weight of persuasive authority seems to push strongly in favor of a broader interpretation of the preemption clause. *See Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 2018 WL 315753, at *3 (W.D. Tex. Jan. 5, 2018) ("Most courts considering this question have determined UTSA was intended to preempt all claims based upon the unauthorized use of information."); *StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*, 426 F. Supp. 3d 311, 338–39 (E.D. Tex. 2019); *ScaleFactor*, 394 F. Supp. 3d at 684 (holding that "TUTSA preempts claims based on the unauthorized use of confidential information that was not a trade secret"); *360 Mortgage Grp., LLC v. Homebridge Fin. Servs., Inc.*, No. 1:14-CV-00847, 2016 WL 900577, at

6

\*8 (W.D. Tex. Mar. 2, 2016) (holding that TUTSA "was intended to preempt all claims based upon the unauthorized use of information"); *BKL Holdings*, 660 F. Supp. 3d at 609.

In addition to the courts interpreting TUTSA, "the majority of courts applying the Uniform Trade Secrets Act's ("UTSA") preemption provision—which is substantively identical to TUTSA's preemption provision—have concluded that the UTSA "preempts noncontractual legal claims protecting business information, whether or not the business information is a Uniform Act trade secret." *BKL Holdings*, 660 F. Supp. 3d at 609 (citing Richard F. Dole, Jr., *Preemption of Other State Law by the Uniform Trade Secrets Act*, 17 SMU SCI. & TECH. L. REV. 95, 109 (2014)). This so-called "majority approach" has been adopted by courts in UTSA jurisdictions across the country. *See, e.g., Mattel, Inc. v. MGA Enter., Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011) ("[T]he Court concludes that UTSA supersedes claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret."); *Ethypharm S.A. France v. Bentley Pharms., Inc.*, 388 F. Supp. 2d 426, 433 (D. Del. 2005) ("Because all claims stemming from the same acts as the alleged misappropriation are intended to be displaced, a claim can be displaced even if the information at issue is not a trade secret."). The Court finds this interpretation to be most legally compelling, and to be supported by the greater weight of the persuasive authority.

ALIL's cause of action for unfair competition is founded entirely on accusations that Meneses Law "has or will in the near future use ALIL's confidential information to wrongfully solicit ALIL's business opportunities, and employees, to divert business from ALIL directly to Meneses Law." (Doc. No. 1-4 at 26). This is a tort claim based wholly on the improper use of what ALIL claims are trade secrets. Likewise, ALIL's misappropriation/conversion claim is based on allegations that an employee of Defendant "acquired trade secrets, and proprietary and confidential

information . . ." and he "continues to work for a direct competitor of ALIL in a role that necessarily requires his [sic] to utilize, if not disclose, ALIL's confidential information and trade secrets—all to ALIL's detriment and Meneses Law's unjust enrichment." (Doc. No. 1-4 at 27). As with ALIL's unfair competition claim, this cause of action is founded entirely on allegations that Meneses Law possesses without authorization and is misusing confidential business information.[1]

Based on the aforementioned "majority approach," the Court finds that ALIL's common law tort claims, even when pleaded in the alternative, are nevertheless "based on the alleged unauthorized use of confidential information." The Texas Uniform Trade Secrets Act therefore preempts these claims, requiring dismissal. TEX. CIV. PRAC. & REM. CODE § 134A.007(a). As such, Meneses Law's motion to Dismiss is **GRANTED**, (Doc. No. 16), and ALIL's Counts V & VI are hereby **DISMISSED**. (Doc. No. 1-4 at 26–27).

### B. ALIL's Motion to Dismiss Meneses Law's Counterclaims as Redundant

In ALIL's motion to dismiss, it argues that Meneses Law's first and third counterclaims seek declarations that are entirely redundant with ALIL's affirmative causes of action. (Doc. No. 25 at 3). These counterclaims were directly mirroring ALIL's affirmative claims—Meneses Law simply sought declarations of no trademark infringement and no unfair competition. (Doc. No. 18 at 18–19). Since ALIL's motion to dismiss was filed, however, Meneses Law has filed an Amended Answer and Counterclaims which removed the counterclaims that ALIL sought dismissal of. (Doc. No. 36 at 17–19).

"A plaintiff's filing of an amended complaint may render moot a pending motion to dismiss." *Rodriguez v. Xerox Bus. Servs., LLC*, No. EP-16-CV-41-DB, 2016 WL 8674378, at *1

---

[1] The Court acknowledges that ALIL describes these causes of action as alternative claims, only to be considered if the Court finds that no trade secrets exist. Nevertheless, these claims would still be contingent on the misuse or unauthorized possession of confidential business information. Consequently, as the Court has explained, this claim would still fall within TUTSA's preemption provision.

(W.D. Tex. June 16, 2016) (collecting cases); *see also, Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) ("Once filed, that amended complaint rendered all earlier motions, including Griffin's motion for partial summary judgment, moot."); *Stredwick v. Dall. Margarita Soc'y, Inc.*, No. 12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot."). If, however, "some defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." 6 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1476 (3d ed. Nov. 2018); *Hymes v. AmCap Mortgage, Ltd.*, 2019 WL 1748678, at *2 (S.D. Tex. Apr. 18, 2019).

Here, Meneses Law's amended pleading entirely removed the counterclaims challenged in ALIL's motion to dismiss. Based on the entire new set of counterclaims filed in the Meneses Law's amended pleading, the Court finds that there are no remaining objections raised by ALIL's motion to dismiss for the Court to consider against Meneses Law's live pleading. Thus, ALIL's motion to dismiss is **DENIED** as moot. (Doc. No. 25).

### IV. Conclusion

Based on the foregoing analysis, Defendant Meneses Law's Motion to Dismiss Plaintiff's Counts V & VI is **GRANTED**, (Doc. No. 16), and Plaintiff's causes of action in Count V and VI are therefore **DISMISSED**. Additionally, because Meneses Law filed an amended pleading after ALIL's motion to dismiss, (Doc. No. 36), that motion is **DENIED** as moot. (Doc. No. 25).

Signed this 25 day of February, 2025.

Andrew S. Hanen
United States District Judge